## PITFIELD ET AL. v. GAZZAM.

1. The complainant in a cause in Chancery, is not entitled to a decree *pro confesso*, until thirty days have elapsed after the service of *subpœna*.

2. In an ordinary case, the reversal of a decree does not affect the title of a pur-chaser acquired under it. *Quere.* Does not the same rule apply to a purchaser under a decree of foreclosure, where the bill is taken *pro confesso*, within less than thirty days after service of subpœna?

Writ of error to the Chancery Court, sitting at Mobile.

THIS was a bill for the foreclosure of the equity of redemption in, and the sale of, mortgaged premises  A subpœna was served on one of the defendants to the bill, on the 23rd March 1840, on the other, on the 30th of April; and the decree was rendered on the 22nd May, referring it to the Master, to report the amount due to the mortgagee.   This report was made and confirmed on the 23rd of May, and the Master accordingly directed to sell the mortgage premises.

It is now assigned for error, that a decree was rendered within less than thirty days after service of the *subpœna*.

STEWART, for the plaintiff in error.

CAMPBELL, for the defendant.

COLLIER, C. J.—It is clear that under our statute, regulating the practice in Chancery, it is not allowable for a complainant to have his bill taken *pro confesso*, until thirty days have elapsed, after the service of subpœna. Aik. Dig. 287.   The decree of the Chancellor is consequently erroneous.

It is also insisted for the plaintiffs in error, that not only the decree which ordered a sale of the mortgaged premises, but the sale itself, is also irregular, and should be vacated.

In an ordinary case, the reversal of a decree does not affect the title of a purchaser acquired under it.   Wyman, et al. v. Campbell, et al., 6 Porter's Rep. 219.   Whether the sale made in the present case, should be allowed to divest the mortgagor's

equity of redemption, is a question which we cannot under-standingly adjudicate upon the record before us. It is one which appropriately pertains to the Court of Chancery, from a consideration of all the facts that may be there adduced.

We have only to direct that the decree be reversed and the cause remanded.