## MILLER, ADM'R v. HALL.*

The District Court has jurisdiction to grant a new trial of a cause which was tried before a Justice of the Peace, notwithstanding the time for obtaining a *certiorari* under the statute may have elapsed, provided a sufficient excuse for not obtaining the *certiorari* be shown.

To entitle a party to invoke the equitable powers of the Court, to grant him a new trial, ordinarily, he must not only show a sufficient excuse for not having pursued his ordinary legal remedy, but he must bring his case within those equitable rules and principles which govern the granting of new trials.

Where the party suffers the time allowed for obtaining a *certiorari* to pass by, he should state in his petition for a new trial, not only sufficient to have entitled him to that remedy, had he applied in time ; but he must state also sufficient legal excuse for not having availed himself of that remedy.

Appeal from Houston. The appellant recovered judgment against the appellee before a Justice of the Peace. Nearly six months thereafter the defendant in the judgment petitioned the District Court for an injunction perpetually to enjoin the collection of the judgment, averring that the judgment of the Justice is erroneous and unjust; that he has a meritorious defence, &c.; that he appealed from the judgment, but is advised that the District Court cannot entertain jurisdiction of the appeal. The defendant in the injunction, at the return Term of the writ, excepted to the sufficiency of the petition, and subsequently, at the same Term, answered fully to the merits, and prayed that the petition be dismissed. The Court overruled the exceptions to the petition and awarded a trial anew upon the merits. There was a verdict and judgment for the original plaintiff, but for a less sum than that recovered before the Justice, and the plaintiff in the judgment, (defendant in the injunction,) brought a writ of error.

WHEELER, J. In support of the judgment of the District

---

* NOTE.—This case was decided at Tyler Term, 1853, and was inadvertently omitted in the publication of the tenth volume of the Reports.—REPS.

Court upon the sufficiency of the petition, and, as an excuse for not having availed himself of the remedy by *certiorari*, within the time prescribed by the statute, the appellee, insists that a mistake in law, as to his right to appeal, is, under the circumstances, a sufficient ground to authorize a Court of Equity to award him a new trial. We entertain no doubt of the correctness of the position, if the appeal was taken under the authority of an Act of the Legislature which was afterwards determined to be unconstitutional, and it appeared from the petition, that the party was not and by reasonable diligence could not have been apprised of this determination until too late to prosecute his ordinary legal remedy. But in his petition, the party has not rested his right on this ground. He states, simply, that he appealed from the judgment of the Justice, and that he is advised that the District Court will not take cognizance of his appeal. But he does not state when he was so advised, or that it was not within time to have obtained a *certiorari*. There is no averment in the petition of any mistake of law or fact, on the part of the petitioner. In this respect the petition must be held insufficient.

If the averments of the petition were examined in reference to their sufficiency in other respects, to entitle the petitioner to a new trial in the District Court, they must, it is conceived, be adjudged insufficient. To entitle a party to invoke the equitable powers of the Court to grant him a new trial, ordinarily, he must not only show a sufficient excuse for not having pursued his ordinary legal remedy, but he must bring his case within those equitable rules and principles which govern the granting of new trials. And though, to entitle a party to remove a case by *certiorari*, from a Justice's to the District Court, for a new trial, we have held that it is not indispensible that he shall have brought his application strictly within those rules in every particular; yet he must, as near as may be, make out a case sufficient to entitle him to a new trial within their reason and spirit. (Wright v. Longcope, Nov. Term, 1851.)

Where the party suffers the time allowed for obtaining a *certiorari* to pass by, he should state, in his petition, not only sufficient to have entitled him to that remedy had he applied in time; but he must state also a sufficient legal excuse for not having availed himself of that remedy. This the petitioner has not done, and the Court therefore erred in overruling the exceptions to the petition. The judgment must be reversed and the case dismissed from the District Court.

Reversed and dismissed.