CAMPBELL, Guardian, *vs.* CONNER AND WIFE et al

[BILL IN EQUITY TO COMPEL SETTLEMENT OF GUARDIANSHIP.]

1. *Chancery ; jurisdiction of, in settlement of guardianship.*—The jurisdiction of the chancery court is concurrent with that of the probate court in the settlement of a guardianship, and where a bill has been filed in the chancery court to compel such a settlement, before the commencement of any proceedings thereon in the probate court, it is not necessary to allege any special equity to sustain the chancery jurisdiction.

2. *Same ; when distributees may represent deceased infant ward's interest.*— Upon such a settlement, the interest of a deceased ward, who has died in infancy without debts, may be represented by the distributees of his estate without an administration.

APPEAL from the Chancery Court of Mobile. Heard before Hon. N. W. COOKE.

THE bill in this case was filed on the 6th Febuary, 1866, by James A. Conner and Anna Conner his wife, Beneen McLelland, and Rosa McLelland, of the State of Mississippi, against David L. Campbell, Bulah McLelland, Mary McLelland, and George McLelland, and sought to compel

a settlement of said David L. Campbell's guardianship of the children of George K. D. McLelland, deceased. According to the allegations of the bill, George K. D. McLelland died several years ago, being a citizen of Mobile, and David L. Campbell was appointed guardian of all his children, to-wit: the said Anna, who afterwards intermarried with James A. Conner, Beneen and Rosa, who were then infants under the age of twenty-one years, and Bulah, Mary and George McLelland, who were at the time of filing the bill still under twenty-one years of age but over fourteen, and on the 23d February, 1857, said Campbell gave bond as such guardian, and assumed the duties thereof. The letters of guardianship were joint for all the children of George K. D. McLelland, and at the time they were granted there was another child alive, John McLelland, but he died at the age of six years, leaving his brothers and sisters his heirs at law, but as he owed nothing, being a mere infant, no administration was ever taken out on his estate. David L. Campbell, as such guardian, came into possession of a large sum of money and had failed to pay over to complainants their proportionate share of the money so received by him. The prayer of the bill was that said Campbell be decreed to account for all sums of money he had received as said guardian, and that he pay over to complainants the sum each was entitled to. The defendants demurred to the bill on the ground that from the allegations of the bill the chancery court had no jurisdiction of the cause. The court overruled the demurrer, and on the final hearing the chancellor decreed that the said guardian account for the money so received by him, and that he pay over their *pro rata* share of the same to the complainants. From this decree the said guardian appealed to this court, and assigned as error the overruling of the demurrer and the decree.

B. Labuzan, for appellants.
Dargan & Taylor, *contra.*

A. J. WALKER, C. J.—The jurisdiction of the chancery court was concurrent with that of the probate court in the

settlement of a guardianship, and the bill in this case having been filed before the commencement of any proceedings for the settlement of the guardianship in the probate court, it was not necessary to allege any special equity to sustain the chancery jurisdiction.—*Park v. Park*, 36 Ala. 133; *Moore v. Leaner*, 33 Ala. 237.

The deceased ward having died in infancy without debts, his interest could be represented in chancery by the distributees of his estate without an administration.—*Carter v. Owens*, in manuscript; *Anderson v. Anderson*, 37 Ala. 683; *Marshall v. Crow*, 29 Ala. 279; *Vanderver v. Alston*, 16 Ala. 494; *Miller v. Eatman*, 11 Ala. 609; *Bethea v. McCall*, 5 Ala. 308.

Affirmed.