# Norwood v. L. & N. Railroad Co.

*Bill in Equity to Enjoin Proceedings Under a Judgment at Law and to Compel a New Trial.*

(Decided Dec. 21, 1906.   42 So. Rep. 683.)

*Judgment; Equitable Relief; Injunction; New Trial.*—Although there was no authority for holding the court at the time the new trial was granted, and the granting of the new trial was therefore void, equity has no jurisdiction to enjoin the proceedings under the judgment or to compel the granting of a new trial.

APPEAL from Limestone Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Louisville & Nashville Railroad Company against Willie Emma Norwood to enjoin proceedings under a judgment at law and for the grant of a new trial. The facts are sufficiently stated in the opinion of the court . There was a decree for complainant and respondent appeals.

ERLE PETTUS, for appellant.—The judgment sought to be enjoined is confessedly valid.—*State ex rel., etc. v. Speake*, 38 South. 835. The proceedings in reference,

to the motion for a new trial were void because made at a term of the court not authorized by law.—*Walker v. The State*, 38 South. 241; *Skinner v. The State*, 38 South. 242; *Ex parte Branch*, 63 Ala. 385; *Davis v. The State*, 46 Ala. 80; *Garlic v. Dunn*, 42 Ala. 404. All men are presumed to know the law and courts will not reform or redress acts of parties which are the result of a mistake in law.—*Hemphill v. Moody*, 64 Ala. 472; *Jones v. Watkins*, 1 Stew. 81; *Trustees v. Keller*, 1 Ala. 406; *Haden v. Ware*, 15 Ala. 149; *Dill v. Shahan*, 25 Ala. 694; *Town Council v. Burnett*, 34 Ala. 400; *Leslie v. Richardson*, 60 Ala. 563. Against simple mistake of law no court will grant relief.—*Ohlander v. Dexter*, 97 Ala. 483; *Clark v. Hart*, 57 Ala. 390; *Kelly v. Turner*, 74 Ala. 518.

The judgment or decree of a court of competent jurisdiction, whether the jurisdiction is exclusive or concurrent is as binding on a court of equity as on courts of law.—*Warring v. Davis*, 53 Ala. 615; *Otis v. Dargan*, 63 Ala. 178; *Norman v. Burns*, 67 Ala. 248; *Kirby v. Kirby*, 70 Ala. 370; *Waldron v. Waldron*, 76 Ala. 285. Bills to obtain a new trial in a judgment at law must be grounded as for a bill of review upon the discovery of new matter.—11 Ency. P. &. P. pp. 1169 and 1184; 16 Ency. of Law, (2nd Ed.) p. 374; 2 Storey's Eq. Jur. (2nd Ed.) §§ 888 and 895a. Jurisdiction of equity cannot be invoked where there are or were adequate legal remedies.—*Birmingham Ry. & Elec. Co. v. Birmingham Traction Co.*, 25 South. 779; *Herbert v. Hoff*, 3 Stew. 9; *Nelms v. Pruitt*, 37 Ala. 389; *Pickens v. Carlisle*, 19 Ala. 686; *Broder v. Greenwald*, 66 Ala. 530.

HARRIS & EYSTER, H. C. THATCH, and W. R. WALKER, for appellee.—Anciently courts of equity exercised jurisdiction in granting new trials at law in cases of manifest injustice by compelling the successful party to submit to a new trial, or be perpetually enjoined from enforcing his judgment and where occasions demand courts of equity will now interpose and grant relief.— *Floyd v. Jayne*, 6 Johns. Chy., 479, 2 N. Y. Chy., L. Ed. 190; *Marine Insurance Co. v. Hodgson*, 7 Cranch, 332, 3 L. Ed. 362; *Oliver v. Pray*, 4 Ohio, 175, 19 Am. Dec.

[Norwood v. L. & N. Railroad Co.]

595; *Kansas etc. Ry. Co. v. Fitzhugh,* 61 Ark. 341, 54 Am. St. Rep. 211, 213; *Little Rock etc. Ry. Co. v. Wells,* 61 Ark. 354, 54 Am. St. Rep. 216; *Harkey v. Tillman,* 40 Ark. 561; *Larson v. Williams,* 100 Iowa 110, 62 Am. St. Rep. 544; 2 Pom. Eq. Jur. § 836; 1 High on Injunctions, §§ 115-118; *Dodge v. Strong,* 2 Johns. Chy., 479, 2 N. Y. Chy., L. Ed. 190; *Hamblin v. Knight,* 81 Tex., 351, 26 Am. St. Rep. 818; *Valentine v. Holland,* 40 Ark. 338; *Simpson v. Hart,* 1 Johns. Chy., 91, 1 N. Y. Chy., L. Ed. 70; *Buchannan v. Griggs,* 24 N. W. Rep. 452; *N. Y. & H. R. R. Co. v. Haws,* 56 N. Y. 175; *Garvin v. Squires,* 9 Ark. 533, 50 Am. Dec. 225; *Wright v. Miller,* 1 Sand. Chy. 103. 7 N. Y. Chy., L. Ed. 256; *Strong v. Sulliran,* 2 Ga. 279, 46 Am. Dec. 390; 4 Pom. Eq. Jur. §§ 1361, 1364; *Smith v. McIver,* 9 Wheat. 534, 6 L. Ed., 153; *Lansing v. Eddy,* 1 Johns. Chy. 49, 1 N. Y. Chy., L. Ed., 55; 2 Cooley's Blackstone, (4 Ed.) 1145; *Barker v. Elkins,* 1 Johns. Chy., 465, 1 N. Y. Chy., L. Ed., 210; *Pegram v. King,* 2 Hawks, (N. C.) 605, 11 Am. Dec. 793; *Smith v. Lowry,* 1 Johns. Chy., 130, 1 N. Y. Chy., L. Ed., 156; *Dunklin v. Wilson,* 64 Ala. 162; *Cromelin v. McCauley,* 67 Ala. 542; *Campbell v. White,* 77 Ala. 397; *Coffin v. McCullough,* 30 Ala. 107; *Younge v. Shepperd,* 44 Ala. 315; *Cox v. Mobile,* 44 Ala. 611; *Headley v. Bell,* 84 Ala. 346; *Stetson v. Goldsmith,* 31 Ala. 649; *Goldsmith v. Stetson,* 39 Ala. 183; *Collier v. Falk,* 66 Ala. 223; *Tillis v. Prestwood,* 107 Ala. 618; *Forshee v. McCreary,* 123 Ala. 493.

Whether mistake is one of law, pure and simple, or otherwise, if it is induced or accompanied by other special facts giving rise to an independent equity on behalf of the mistaken person, there can be no doubt equity may interpose its aid to relieve the party so mistaken.—2 Pom. Eq. Jur. §§ 842, 844, 847, 849; *Baldock v. Johnson,* 14 Or. 542, 13 Pac. Rep. 434; *Evans v. Stroud's Admr.,* 11 Ohio, 480, 38 Am. Dec. 744; *Order of United Commercial Travellers v. McAdam,* 61 C. C. A. 22; *McNaughten v. Partridge,* 11 Ohio, 223, 38 Am. Dec. 731; *Snell v. Atlantic F. & M. Ins. Co.,* 96 U. S. 85, 25 L. Ed. 52, 55; *Standard Oil Co. v. Hawkins,* 20 C. C. A. 468, 33 L. R. A. 739; *Renard v. Clink,* 91 Mich. 1, 30 Am. St. Rep. 458, and note; 16 Cyc. 73-75; *Benson v.*

[Norwood v. L. & N. Railroad Co.]

*Bunting,* 127 Cal. 532, 78 Am. St. Rep. 81; *Griswold v. Hazard,* 141 U. S. 260, 35 L. Ed. 678, 688; *Cooper v. Phibbs,* 22 Eng. Rul. Cases, 870; *Ala. & Vicks. Ry. Co. v. Jones,* 73 Miss. 110, 55 Am. St. Rep. 488 ,and note; *Benson v. Markoe,* 37 Minn. 30, 5 Am. St. Rep. 815; *Drew v. Clarke,* Cooks, (Tenn.), 373, 5 Am. Dec. 698, 701; *Lowndes v. Chisholm,* 2 McCord's Chy. 455, 16 Am. Dec. 667; *Daniel v. Sinclaire,* 18 Eng. Rul. Cas. 144; *Lawrence v. Baubien,* 2 Bailey, 623, 23 Am. Dec. 155; *Pusey v. Desbouvrie,* 10 Eng. Rul. Cas. 351; *Sackett v. Elliott,* 108 U. S. 132, 27 L. Ed. 678, 682; *Thompson v. Phoenix Ins. Co.,* 136 U. S. 287, 34 L. Ed. 408, 412; *Insurance Companies v. Raden,* 87 Ala. 311.

"There are many cases to be found in which equity, upon a mere mistake of law, without the admixture of other circumstances, has given relief to a party who has dealt with his property under the influence of such mistake."—*Lord Beauchamp v. Winn,* 22 Eng. Rul. Cas. 889, 896; *Cobbs v. Coleman,* 14 Texas 594; *Miller, Admr. v. Hall,* 12 Texas 56; *Hunt v. Rousmaniar,* 8 Wheat. 174, 5, L. Ed. 589; *Cooper v. Phibbs,* 22 Eng. Rul. Cases, 870; *Black v. Ward,* 27 Mich. 191, 15 Am. Rep. 162, note 171; 30 L. R. A., note page 797; *Benson v. Markoe,* 27 Minn. 30, 5 Am. St. Rep. 816; *Lane v. Holmes,* 55 Minn. 379, 43 Am. St. Rep. 508, 512.

When judgment is rendered by a common law court of general jurisdiction by accident or mistake or through fraud, or any fact exists which proves it to be against conscience to execute the judgment and there was no fault to the injured party or his agent equity will enjoin the judgment.—2 Pom. Eq. Jur. §§ 836, 871; 4 Pom. Eq. Jur. §§ 1364, 1376, 1377; 61 Central Law Journal, 401; 1 Spell on Inj. & Extr. Rem. § 83; *Phillips v. Negley,* 171 U. S. 665, 29 L. Ed. 1013; *Duncan v. Lyons,* 3 Johns. Chy., 356, 8 Am. Dec. 513; 1 High on Injunctions, §§ 112-114, 165, 178, 183, 185; *Marine Ins. Co. v. Hodgson,* 7 Cranch. 332, 3 L. Ed. 362; *Smith v. Lowry,* 1 Johns. Chy. 320, 1 N. Y. Chy., L. Ed. 156; *Scott v. Shreeve,* 12 Wheat. 605, 6 L. Ed. 744; *Black v. Ward,* 27 Mich. 191, 15 Am. Dec. 162, and note 171; *Oliver v. Pray,* 4 Ohio 175, 19 Am. Dec. 595, and note 603; *Blight v. Tobin,* 7 T. B. Monroe, (Ky.), 612, 18

Am. Dec. 219; *Yancey v. Downer,* 5 Litt, (Ky.), 8, 15 Am. Dec. 35; *Foster v. State Bank,* 17 Ala. 672; *Watts v. Cobb,* 32 Ala. 530; *Hair v. Lowe,* 19 Ala. 224; *Moore v. Dial,* 3 Stew. 155; *Weems v. Weems,* 73 Ala. 462; *Golden v. Golden,* 102 Ala. 553; *Collier v. Falk,* 66 Ala. 223; *Howell v. Motes,* 54 Ala 1; *Norman v. Burns,* 67 Ala. 248; *James v. James,* 55 Ala. 525; *Robinson v. Reid's Extrs.,* 50 Ala. 70; *Bolling v. Spelling,* 96 Ala. 269.

If a party fails in the assertion of a good legal defense, or pre-termits a defense at law, he may, nevertheless, avail himself of an independent ground of equitable relief in a court of equity.—*Greenlee v. Gaines,* 13 Ala. 198; *Howell v. Motes,* 54 Ala. 1; *Snediker v. Boyleston,* 83 Ala. 408. Where a defense is even properly available in an action at law, yet equity, where special circumstances are shown as grounds therefor, will enjoin a judgment recovered at law.—*Foster v. State Bank,* 17 Ala. 673; *Watt v. Cobb,* 32 Ala. 530; *Taliaferro's Admr. v. Branch Bank,* 23 Ala. 755; *Howell v. Motes,* 54 Ala. 1; 1 High, Injunctions, §§ 165, 185, 209-210. An inferior court judgment may be enjoined where complainant shows a good defense on the merits, which he was prevented from making by dismissal of his appeal because of mistake of clerk in improperly drawing appeal bond, provided the complainant is without fault in causing or in not discovering mistake.— *Oliver v. Pray,* 4 Ohio, 175, 19 Am. Dec. 595; 1 High on Injunctions, § 213.

The complainant here has a meritorious defense to the action at law. Under the allegations of the complaint, it must be shown that the plaintiff's injuries were occasioned solely by the negligence or improper conduct of the defendant.—*McDonald v. Montgomery St. Ry. Co.,* 110 Ala. 161-167, 20 So. 317; *Railway Co. v. Schaufler,* 75 Ala. 137; *Railway Co. v. Holmes,* 97 Ala. 332, 12 So. 286; *Holland v. Railway Co.,* 91 Ala. 455, 8 So. 524; *Railway Co. v. Bradford,* 86 Ala. 574, 6 So. 90. The *allegata* and the *probata* must correspond —*Pryor v. L. & N. R. R.,* 90 Ala. 32; *L. & N. R. R. v. Davis,* 91 Ala. 487; *Hood v. Pioneer M. & M. Co.,* 95 Ala. 461; *A. G. S. R. Co. v. Hall,* 105 Ala. 599; *Conrad*

*v. Gray,* 109 Ala. 130. Causal connection must be shown between the negigence and the injury.—*Thompson v. L. & N. R. R. Co.,* 91 Ala. 496; *Bromley v. B'ham. Min. Ry. Co.,* 95 Ala. 397; *Western Ry. Co. v. Mutch,* 97 Ala. 194; *L. & N. R. R. Co. v. Stutts,* 105 Ala. 368; *Butcher v. West Va. & Pittsburg Ry. Co.,* 18 L. R. A. page 519.

SIMPSON, J.—This case is a bill in chancery to enjoin proceedings under a judgment at law, and to grant a new trial of the case. The facts, in short, are that the appellant, as plaintiff in the suit at law, recovered a judgment against the appellee in the circuit court of Limestone county on January 20, 1904; the said court being presided over by Hon. Paul Speake, who became judge under the act known as the "Lusk Bill," which has been declared unconstitutional, but whose acts as a de facto judge have been held to be valid when the court was held at a time authorized by the previous law. Said 20th of January, 1904, was within the proper time under said previous law, and the judgment was consequently valid. Under said previous law said term came to an end on January 23, 1904. On January 28, 1904, the defendant (appellee here) placed on the docket a motion for a new trial, and on January 30th (which would have been the last day of the term under the Lusk bill ) this motion was continuel, on application by the plaintiff (appellant here), and on the 14th of April, 1904, within the time for the legal term of said court, the parties being present by their attorneys, and the said motion duly considered by the court, the same was granted. Appellee claims that this court stood adjourned by operation of section 922 of the Code of 1896, on the 13th. Although the 14th of April, 1904, the day on which the motion for the new trial was granted by the de facto judge, was within the time prescribed by law for the holding of said court, yet said law required said court to meet on the 4th day of April, and as a matter of fact the court did not meet until the 11th of April, the day fixed by the Lusk act for meeting. That being the case, section 922 of the Code of 1896 provides that, "when a circuit judge fails to attend,

the court stands adjourned from day to day until 3 o'clock in the afternoon of the third day, when it is adjourned to the next succeeding term."

It is a familiar principle of law that, during the interim between the periods when courts are allowed to sit, said courts have no judicial power, and any acts of a judicial nature, except such as may be specially authorized by statute, done in vacation, are absolutely void.—*Garlick v. Dunn*, 42 Ala. 409. Under a previous statute, which made it the duty of the sheriff, at 3 o'clock on the third day, the judge not having appeared, "to adjourn all suits," etc., to the next term, and of the clerk to enter a continuance in all suits, etc., proceedings were had, after the adjournment, in accordance with the statute, and our court held that the decree rendered "was made at a time when, from the adjournment of the court, there was no authority for the chancellor to act, and that it is therefore void"; that the act was not judicial, and could not be validated by estoppel or waiver.—*Cullman v. Casey & Co.*, 1 Ala. 351, 355. Our present statute does not require any act of the sheriff or clerk to adjourn the court; but the court stands adjourned by operation of law, whenever the time prescribed is reached, without the appearance of the judge. Consequently, at the time the motion for a new trial was granted, there was no authority of law for holding said court, and said action was void.

So the question arises as to the equity of the bill: Counsel for appellee has made an able and exhaustive argument on the right of the court of chancery to use its injunctive power for the purpose of forcing the appellant to submit to a new trial in this case. It is undoubtedly true that, from the early history of the courts of chancery in England, it was acknowledged that under certain circumstances it could virtually grant new trials at law, by operating on the party to the suit, and not on the law courts, requiring the party to submit to a new trial at law or be enjoined from enforcing his judgment. Mr. Pomeroy says that, when a judgment had been "obtained by fraud, mistake, or accident," the injunction could be granted, "and the injunction * * * was a mere incident to the broader relief, which set

aside the judgment and granted a rehearing of the controversy in the court of chancery." And he goes on to say that "the original occasion for this special jurisdiction has disappeared, as in England and most of the American states, either through statutes or through judicial action, the courts of law have acquired and constantly exercise full powers to grant new trials, whenever, from the wrongful acts or omissions of the successful party, or from accident or the mistake of the other party, or from error or misconduct of the judge or the jury, there has been a failure of justice." His general conclusion is that "a court of equity, in general, no longer assumes control over a legal judgment, for the purpose of a new trial or any similar relief."—3 Pomeroy's Eq. Jur. § 1365. Chancellor Kent also says that "anciently courts of equity exercised a familiar jurisdiction over trials at law, and compelled the successful party to submit to a new trial or to be perpetually enjoined from proceeding on his verdict. This relief was not granted, unless the application was founded upon some clear case of fraud, or injustice, or upon newly discovered evidence, which could not possibly have been made use of upon the first trial. But this practice has long since gone out of use, and such jurisdiction is rarely exercised in modern times, because courts of law are now in the competent and liberal exercise of the power of granting new trials." The learned chancellor goes on to state that it is proper for a chancery court to exercise the power in question in a "case in which the court of law has no power to award a new trial upon the merits."—*Floyd v. Jayne*, 6 Johns. Ch. (N. Y.) 479, 482. According to Judge Story, a court of equity is authorized to interfere by injunction with judgments of a court of law only on proof of facts which show it to be against conscience to execute such judgment, of which the injured party could not have availed himself, or was prevented therefrom by fraud or accident unmixed with negligence, and he states such bills are usually called bills for a new trial; but, as remarked by Lord Redesdale, "bills of this description have not of late years been much countenanced."—2 Story's Eq. Jur. (10th Ed.) §§ 883b, 886. Again he says: "Although

some of the earlier decisions look almost like granting new trials in equity, * * * the recent and better considered cases will justify no such proposition. The new trial is never granted in terms. There can be, in no such case, anything like another trial in the court of law. The case is effectually ended there." But he goes on to state that "where there was a distinct and decided fraud in the proceedings by which the judgment at law was obtained," also where the defendant, through accident or mistake, without fault, etc., fails to present his defense, the court will examine the case upon its merits, and may enjoin the party from pursuing his judgment, or a part of it, or may fix some conditions.— 2 Story's Eq. Jur. (10th Ed.) § 1574, and note.

These and other authorities are clear to the point that in taking such action the equity court does not presume to act on the law court itself, but only on the party; and, that being the case, it seems to be a serious question how the equity court could make its decree effective. As stated by Judge Story, "the case is effectually ended" in the law court. Said court has no power to reopen the case at a subsequent term; and how, then, can an injunction against the party confer upon the law court the power to do that which it had no power to do before, to wit, to reopen a case, which had been finally disposed of at a previous term, and retry it? If, as some of the cases intimate, the chancery court should take to itself the trial of the case, although it might submit the issue of fact to a jury, yet under our statutes this is not a matter of right, but one which addresses itself to the unrevisable discretion of the chancellor. No question of law can be reserved by bill of exceptions, the action of the jury is merely for the information of the chancellor, and not conclusive on his conscience or judgment, and in many respects, the trial is unlike the jury trial at law that it would seem a court of chancery should, at least, demand strict conformity to the requirements of the law before interfering with the judgment of the law court.—*Matthews v. Forniss,* 91 Ala. 157, 163, 8 South. 661; *Marshall v. Croom,* 60 Ala. 121, 125; *Anonymous,* 35 Ala. 226, 229; *Alexander v. Alexander,* 5 Ala. 517, 518; *Adams v. Munter,* 74 Ala. 338,

341. However that may be, it is clear that the appellee (complainant in the bill) has not brought itself within the terms even of the ancient authorities recognized by these venerable jurists.

But it must be acknowledged that this ancient doctrine has been revived in some of the modern decisions, and some of them, as contended by counsel for the appellee, have granted the relief in cases not covered by the principles in the earlier cases. The case of *Jones v. Com. Bank*, 5 How. (Miss.) 43, 35 Am. Dec. 419, referred to by counsel for appellee, was a case in which, as a matter of fact, the defendant had not been served with process and really had no notice of the suit. The case of *McNaughton v. Partridge*, 11 Ohio, 223, 38 Am. Dec. 731, and other similar decisions, have for their basis the opinion of Chief Justice Marshall in *Hunt's Adm'r v. Rousmanier*, 8 Wheat. (U. S.) 174, 212, 5 L. Ed. 589 et seq., the reason of which seems to be that the parties, not knowing their respective legal rights, nor the effect of the instrument which they executed, have been relieved in equity (by reforming the instrument or otherwise) on the ground that the instrument does not really express what they intended. Without expressing any opinion as to these cases, we think that they are not applicable to the case now under consideration, and certainly do not establish the doctrine that a party may obtain relief, in the nature of a new trial, because of his ignorance as to the validity of certain proceedings purporting to have been had in court subsequent to the trial of the case which he seeks to open up for a new trial.

The case of *K. & A. V. Ry. v. Fitzhugh*, 61 Ark. 341, 33 S. W. 960, 54 Am. St. Rep. 211, was a case in which, after the trial and before the time limited for signing a bill of exceptions, the judge of the trial court died; and, while the court held that in that case the facts were not sufficient to warrant the interference of the court in equity, yet the court held that if the facts had shown "an unjust and inequitable judgment," and that the party had lost his right to appeal "by unavoidable accident, fraud, or mistake," the court would compel the successful party to submit to a new trial at law or be restrained by injunction. In the case by the same

court of *Little Rock & Ft. Smith Ry. v. Wells,* 33 S. W. 208, 30 L. R. A. 560, 54 Am. St. Rep. 216, the same principle is stated, and relief was granted, because there was no evidence to sustain the verdict, and the defendant's right of appeal "was cut off by an inevitable accident," to wit, the death of the judge. To this case there is added a long and able note by Judge Freeman, in which he cites a number of authorities, and, among other things, says: It is "a general rule of equity jurisprudence that a court of equity will not undertake to try and determine the precise question which has been determined at law; * * * that, even in a case of alleged fraud, equity cannot assume jurisdiction where the fraud is not extrinsic and can only be ascertained by a retrial of the issue which has already been tried and determined."—Page 220, 54 Am. St. Rep. He goes on to show that the authority of the court of equity is not revisory, but that it interposes only when the party has not been able to present his cause of defense, because the court was not competent to hear it, or grant relief, or he was prevented by fraud, accident, or mistake, or other sufficient equitable ground, or else it appears that the judgment has become inequitable, "owing to circumstances occurring after its rendition," etc.—Page 221, 54 Am. St. Rep. He states, also, that "it is universally conceded that a court of equity will not interfere on the ground that in its decision the court of law or other judicial tribunal whose judgment is sought to be enjoined committed error, whether of law or fact."—Page 230, 54 Am. St. Rep. He states, also, that, when equity does require the successful party to submit to a new trial, said trial does not take place in the original action at law, but the chancery court orders the issues "tried as other issues out of chancery are tried."—Page 261, 54 Am. St. Rep.

There is no hint in this long note of a court of chancery going beyond the long-recognized grounds of fraud, accident, and mistake, and granting the relief because of the misapprehension of the party as to the law, except that he alludes to the case of *Cobbs v. Coleman,* 14 Tex. 594 , referred to in the brief of appellee (and which

11

will hereafter be further noticed), and remarks: "Doubtless it is the better policy to encourage all citizens to respect statutes until their constitutional validity has been judicially declared, and therefore we can but lightly condemn the court for relieving a party who has lost some right by his reliance upon a statute subsequently declared to be invalid. In all other cases it seems to be well established that a court of equity will never interpose to enjoin a judgment on the ground of a mistake or ignorance of the law."—Page 241, 54 Am. St. Rep. The same author, in an extended note on the maxim, "Ignorantia legis non excusat," says: "If ignorance of law could be admitted, in judicial proceedings, as a ground of complaint or of defense, courts would be involved and perplexed with questions incapable of any just solution, and embarrassed by inquiries almost interminable, until the administration of justice would become, in effect, impracticable." And he finally sums up the four principal exceptions to the rule that no relief can be obtained against a mistake of law as follows: (1) Where there is a marked disparity in the position and intelligence of the two parties, with the result that on the one side undue influence is exercised, while on the other, undue confidence is reposed; (2) where one, through mistake as to his legal rights, acknowledges himself under an obligation which the law will not impose; (3) where it is perfectly evident that the only consideration of a contract was a mistake as to the legal rights and obligations of the parties; and (4) where there is a mistake of law on both sides, owing to which the objects of the parties cannot be attained. —Note to *Ala. & V. Ry. v. Jones,* 55 Am. St. Rep. 497, 503.

It is true that the cases of *Miller v. Hall,* 12 Tex. 556, and *Cobbs v. Coleman,* 14 Tex. 594, are directly to the point in favor of the contention of the appellee, and in the opinion in the last-named case it is said: "Though knowledge of the law, statute and common, may be presumed, yet it would be straining the presumption quite too far to hold that every person is a constitutional lawyer and * * * capable of deciding questions between constitutional provisions and legislative enactments." We

[Norwood v. L. & N. Railroad Co.]

are unable to see any distinction in principle between a mistake as to the constitutionality of an act of the Legislature and a mistake as to any other principle of law. It is true that all men are not constitutional lawyers, neither are they more versed in other legal questions, which are often fully as abstruse and difficult of solution as those depending on a construction of the Constitution. As Mr. Pomeroy says: "The presumption that every person knows the law must necessarily extend to all rules of law alike. To permit a distinction between rules said to be clear and those claimed to be doubtful would at once open the door for all the evils in the administration of justice which the presumption itself is intended to exclude."—2 Pomeroy's Eq. Jur. p. 310, § 846. The case of *Snell v. Insurance Co.*, 98 U. S. 85, 25 L. Ed. 52, was decided distinctly on the ground that Keith relied upon the representations of the agent of the insurance company, who had large experience and a greater knowledge than he.—Page 91, 98 U. S. (25 L. Ed. 52). It may be, as stated by the learned justice in that case, that "in such cases * * * equity will lay hold of any additional circumstances, fully established, which will justify its interposition to prevent marked injustice."—Pages 91, 92, 98 U. S. (25 L. Ed. 52). Or, as said: "While recognizing the rule, the courts are ready and even astute to seize upon any element of fact as sufficient, in connection with a mistake of law, to justify the granting of relief.—16 Cyc. 74.

In our own state, the case of *Hardigree v. Mitchum,* 51 Ala. 151, expresses in strong language the adherence of the court to the principle that ignorance of the law excuses no one, and states that there are cases where it is not rigidly enforced, but the principle decided is simply that which is recognized by this and other courts— that, after a statute has received judicial construction, the construction becomes a part of the statute, so that rights acquired thereunder, by contracts relying thereon, cannot be annulled by a subsequent decision of the same court reversing the former decision.—*Farrior v. New England Mortgage Security Co.,* 92 Ala. 176, 9 South. 532, 12 L. R. A. 856. This court, many years ago, declared that the cases in which the court would

grant relief against a mistake of law were only where the "mistake was so gross and palpable as to superinduce the belief that some undue advantage was taken of the party, owing either to his imbecility of mind or the exercise of improper influence."—*Haden v. Ware*, 15 Ala. 149, 159. In the language of this court, speaking through Judge Stone, in another case: "This case cannot be brought within any of the rules for relief against judgments on the ground of surprise, accident, mistake, or fraud. If we were, on account of the hardships of this case, to stretch principle in the attempt to afford a remedy, it is impossible even to conjecture the distance from ascertained landmarks to which such deflection would lead us."—*Baker, Lawler & Co. v. Pool*, 56 Ala. 14, 18.

There is no equity in the bill. Consequently the decree of the chancellor is reversed, and a decree will be here rendered dismissing the bill and dissolving the injunction.

Reversed and rendered.

TYSON, C. J., and HARALSON and ANDERSON, JJ., concur.