(76 South. 954)

HALE et al. v. KINNAIRD. (6 Div. 405.)

(Supreme Court of Alabama. Nov. 22, 1917.)

1. EQUITY ⬥418—DEFAULT DECREE AGAINST ONE NOT SERVED.

While generally a decree pro confesso cannot be rendered against a defendant who has not been served with process or entered an appearance, where defendant files a cross-bill against complainant default may be entered as to the cross-bill in view of Code 1907, § 3118, providing that it shall not be necessary to issue summons to any defendant in a cross-bill except where he is not complainant in the original bill.

2. EQUITY ⬥420 — DECREE PRO CONFESSO — SETTING ASIDE.

Code 1907, § 3170, providing that a decree entered against a defendant, without personal service, who does not appear, is not absolute for 12 months, has no application to a defendant in a cross-bill who is a complainant in the original bill and against whom a decree pro confesso is taken by default.

3. DIVORCE ⬥161—DECREE—SETTING ASIDE —TIME.

The circuit court of the Tenth judicial district created by Acts 1888–89, p. 17, Acts 1907, p. 260, having had chancery jurisdiction conferred upon it by Acts 1894–95, p. 881, could not set aside its divorce decree 3 months after entry, where the record failed to show a proper continuance of the application therefor within the 30-day period in which it was made or a regular continuance from term to term in view of Acts 1888–89, p. 797, § 11, Acts 1898–99 p. 1213, and Chancery Court Practice Rule 81 (Code 1907, p. 1553), giving the right of application for rehearing if made within 30 days, and Acts 1894–95, p. 881, providing that chancery rules have application to equity cases in said court; the general order of continuance of all pending cases being insufficient 'to prevent the lapse of the application.

4. JUDGES ⬥28—ACTS DONE IN VACATION— VALIDITY.

Acts of a judicial nature, except such as may be specifically authorized by statute done in vacation, are absolutely void.

5. MORTGAGES ⬥603 — REDEMPTION — REIMBURSEMENT OF PURCHASER.

Improvements made by purchaser at a mortgage foreclosure sale after he has acquired title are lawful charges under Code 1907, §§ 5746 et seq., as to redemption by debtors and others.

6. MORTGAGES ⬥603 — REDEMPTION — REIMBURSEMENT OF PURCHASER.

The purchaser at mortgage foreclosure sale was not entitled to reimbursement for improvements made after foreclosure, where she did not upon written demand of party entitled to redemption furnish itemized statement of her lawful charges or show due diligence in attempting to comply with demand.

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. MORTGAGES 601, 602 — REDEMPTION — LIABILITY FOR WASTE.**

One in possession of land as purchaser at a foreclosure sale made in strict compliance with the terms of the mortgage is not a mortgagee in possession, but the absolute owner not chargeable with rent or waste.

**8. MORTGAGES 601, 602—REDEMPTION—LIABILITY FOR WASTE.**

A mortgagee in possession before foreclosure or after irregular foreclosure may be liable for rent and waste.

**9. MORTGAGES 601, 602—REDEMPTION—LIABILITY FOR WASTE.**

A purchase by the mortgagee, unless authorized by the mortgage, is such an irregularity as to render him liable for rent and waste.

**10. MORTGAGES 601 — REDEMPTION — LIABILITY FOR WASTE.**

After an offer to redeem accompanied by a tender, the purchaser in possession may be liable for waste committed.

**11. EXECUTORS AND ADMINISTRATORS 3(4) —NECESSITY OF ADMINISTRATION—REDEMPTION FROM MORTGAGE—DISTRIBUTION.**

In bill seeking redemption from mortgage foreclosure, division and distribution among the heirs should be granted where prayed; there being an offer to do equity and no debts of the estate other than that embraced in mortgage in controversy, in view of Code 1907, § 5741, as to adjustment of all the rights and equities of the parties on bill for redemption.

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Bill by James A. Hale and others against Texanna Kinnaird. Decree for respondent, and complainants appeal. Affirmed in part, and in part reversed, rendered, and remanded.

Richard B. Kelly, of Birmingham, and J. B. Atkinson, of Clanton, for appellants. Haley & Haley and A. M. Douglas, all of Birmingham, for appellee.

THOMAS, J. The bill sought discovery, and redemption of certain real estate purported to have been sold under a mortgage, of date May 30, 1910, executed by William H. Hale and his wife, Texanna, to the Jefferson County Savings Bank. Code of 1907, § 5746 et seq. Decree was rendered in favor of the respondent, Texanna Kinnaird (formerly Hale), as the widow surviving said Hale.

Was the said Texanna the surviving widow of said Hale and, as such, entitled to the statutory right of homestead?

So long as the marriage relation in law continues, just so long do the rights of the wife subsist, under the statutes. The status of the said Texanna, as surviving widow of William H. Hale vel non, is dependent upon the right of the circuit court for the Tenth judicial circuit, on December 21, 1909, to set aside the decree of said court, enrolled theretofore, to wit, on September 11, 1909, whereby the said William H. Hale was divorced from his wife, Texanna, on the ground of adultery.

This rehearing, purporting to result in the setting aside of the decree of September 11, 1909, was rested on the fact, among other things, that no service was had upon Texanna Hale, respondent to a cross-bill. The decree awarding divorce to Mr. Hale was rendered in a pending cause wherein the said Texanna Hale was complainant and William H. Hale was defendant, in which cause the said William H. Hale filed his answer and cross-bill asking affirmative relief against his wife, because of her adulterous intercourse with the corespondent named in said cross-bill. No process issued to the complainant, Texanna, on the filing of the cross-bill, but there was acceptance of service by her attorney of record in said pending cause; and, upon her failure to plead, answer, or demur to the cross-bill as in such cases required by law, a decree pro confesso was taken against her. On final pleading, and proof, a decree for divorce was granted to Mr. Hale on the ground upon which it was prayed.

[1, 2] It is true that, generally, a decree pro confesso cannot be rendered against a defendant who has not been served with process (Pitfield v. Gazzam, 2 Ala. 325; Hurter v. Robbins, 21 Ala. 585), or one who has not entered an appearance (Mobile v. Talman, 15 Ala. 472 [headnote 4]; Bank v. St. John Co., 25 Ala. 566, 616; Cullum v. Batre, 2 Ala. 415; Faulk v. Hobbie Co., 178 Ala. 254, 261, 59 South. 450). Yet the provisions of section 3118 of the Code of 1907, to the effect that "it shall not be necessary to issue a summons to any defendant in the cross-bill except those who are not complainants in the original bill," is authority for the rendition of such decree against a defendant in a cross-bill who is a complainant in the original bill, and who is in default as to the cross-bill. Section 3170 of the Code has no application to a defendant in cross-bill who is a complainant in the original bill to which the cross-bill was filed as an answer, and against whom a decree pro confesso is taken on default.

[3] The complainants in the instant case pleaded the decree of divorce of September 11, 1909, in bar of the rights of the respondent as the surviving widow of Mr. Hale, and insist that the decree was not set aside within 30 days after its rendition, and that the attempt to grant a rehearing on December 21, 1909, was coram non judice. For a decision of this question, it is necessary to note that the Tenth judicial circuit, and the judges thereof, were created by acts of the Legislature (Acts 1888–89, p. 17; Acts 1907, p. 260); that chancery jurisdiction was conferred on said court (Acts 1894–95, p. 881); and that by several statutes, and a chancery rule, a judgment or decree of said court became final after 30 days from the date of its rendition (Acts 1888–89, p. 797, § 11; Acts 1898–99, p. 1213). It was further provided that the chancery rules have application to equity cases in said circuit court. Acts 1894–95, p. 881. The foregoing acts and rule pro-

vide the right of application for rehearing, if made within 30 days from the rendition of the decree.

Rule 86 of Chancery Court Practice (Code, p. 1553) provides that a party desiring a rehearing upon a decree "during the term in which the decree is rendered" may make application therefor, and that the chancellor "must determine without argument, whether the cause ought to be reheard; and if he concludes to grant a rehearing order accordingly."

In Ex parte Gresham, 82 Ala. 359, 362, 2 South. 486, 488, treating of the pleading and practice in the prosecution of such applications, this court said:

"The purpose of the rule is unmistakable. Without it, the power of the chancellor over the decree would have terminated on its enrollment. It was intended to extend to either party the opportunity and right to apply for a rehearing within the time limited by the rule; and, on such application being made, that the decree shall be in the power of the chancellor in respect to granting a rehearing in the same manner, and to the same extent, as when a rehearing is applied for during the term in which the decree is rendered."

Though rehearings in equity rest upon the sound discretion of the chancellor, and when such discretion is exercised in a given case as provided by law the award is not revisable by appeal or mandamus (Lyon v. Bolling, 14 Ala. 753, 48 Am. Dec. 122; Cummings v. May, 110 Ala. 479, 20 South. 307; Brown v. Weaver, 113 Ala. 228, 20 South. 964), yet the application for a rehearing, when made as required, like other applications for new trial, must be acted upon by the court within the term of the court to which it is made, or be regularly continued to another term. That is to say, applications for rehearing in equity, in courts where the statutes make final a judgment or decree within 30 days from the rendition thereof, must be determined within the 30-day period in which made, or regularly continued from term to term, or from 30-day period to 30-day period, by order duly made and entered by the court on the minutes, until finally decided. The general order of continuance of all pending causes and motions not otherwise disposed of is held not sufficient to prevent the lapse of such a motion not so regularly continued in the cause, if the motion be not determined at the term to which the same is made, or the court's attention is not expressly called thereto in open court. Shipp v. Shelton, 193 Ala. 658, 69 South. 102; Ex parte Highland Avenue, etc., Co., 105 Ala. 221, 17 South. 182; Southern Railway Co. v. Jones, 143 Ala. 328, 39 South. 118; Ashford v. McKee, 183 Ala. 620, 62 South. 879; Hundley v. Yonge, 69 Ala. 89.

To the allegations of complainants' plea of the bar of the decree of divorce, respondent, Texanna, replied that under sections 3170 et seq. of the Code she had duly filed her petition to set aside the decree granting her husband a divorce, and that said decree was vacated and declared void on said motion, and that:

"By virtue of the last-named decree, vacating the before mentioned final decree, she was by judicial authority restored to her former relation with the deceased, William H. Hale, as his wife, and that respondent considered William H. Hale her husband until the time of his death, and that she so acted by keeping up his life insurance and the property herein involved."

The burden of proof as to these respective averments was thus assumed by each of the parties.

On the introduction of evidence, the complainant here introduced the decree of divorce, together with the subsequent decree purporting to grant a rehearing of the cause, of date December 21, 1909, rendered at a time when (without more) it would appear that the court had no power to grant a rehearing. That is to say, it does not sufficiently appear that, if timely application was made therefor, a proper continuance followed, and a proper decree upon the rehearing was entered. The burden of proof of this rested upon the respondent, and this she had failed to meet.

Witness McAdory, clerk of said circuit court at the time when said divorce case was pending and determined, and at the time of the trial in the instant cause, identified the original papers duly marked 'filed,' in the Hale divorce suit, and among these there was not to be found the application for a rehearing. There was on file as one of the papers in that cause, however, "complainant's objection to motion filed in the case of W. H. Hale v. Texanna Hale, October 2, 1909." An inspection of that paper—set out in the record as Exhibit A to the deposition of Mr. McAdory—shows that it was filed by W. H. Hale, as an answer to the motion, filed by Texanna Hale, to set aside the decree granting a divorce to her husband in said cause on the grounds recited by the court in its decree of December 21, 1909, purporting to grant the rehearing. Thus, it is inferentially shown by the record that the application for a rehearing to which was filed the answer of date October 2, 1909, was made within 30 days from the date of the rendition of the decree of divorce. This record is silent, however, as to either a consideration of the motion or a continuance thereof by the court, made within the time between the date September 11, 1909, and October 11th or November 11th, thereafter. The record shows only the decree purporting to grant the application for a rehearing, dated, as before said, December 21st, and the filing of an answer to the cross-bill by the said Texanna, through her solicitors of record, Bush & Bush, on December 27, 1909. Witness McAdory further testified that there were found, in the file in said cause in his office, three several papers, a petition for a rehearing in said divorce suit, sworn to by Texanna Hale on the 15th day of September, the affidavit of said Texanna support-

ing said petition, sworn to on the 16th day of October, and the affidavit of one Comstock in support of said petition, sworn to on said last date. Each of said papers is set out as an exhibit to the deposition of McAdory. According to the testimony of the clerk of said court, neither of said papers is indorsed as having been filed in court, but all "are among the original papers in said cause"— the Hale divorce suit in question. It may be that the answer of the said William H. Hale to the motion for a rehearing duly filed in said cause (referring to the purported application for a rehearing) rendered relevant the petition for a rehearing found among the original papers of the cause, but not indorsed as having been filed in court.

The evidence shows that Mrs. Hale authorized the filing of the original bill for divorce against her husband, Mr. Wm. H. Hale, at or about the time the same was filed, by one of the two attorneys having the same office and who had theretofore practiced law together; that she was in said office discussing the matter, at one time at least, with the attorney whose name was signed to the original bill; that after the cross-bill had been filed in her cause, and a decree thereon rendered and enrolled on behalf of Mr. Hale, she employed other counsel to represent her in the procurement of a rehearing in the divorce proceeding and in the further prosecution of the cause. There is a conflict in the evidence as to which of the two attorneys Mrs. Hale employed or expected to represent her in the filing of the original bill. She says it was not the attorney whose name was signed thereto. The decree being rendered against her, in said cause, and that fact coming to her knowledge, the burden was cast on her to prosecute the matter, by appropriate proceeding, to a rehearing or a vacation of said decree. That she undertook to do this is shown by the evidence.

Without other testimony as to the proceeding in the matter of a rehearing, the complainant, Mrs. Texanna Kinnaird (formerly Hale), failed to discharge this burden of proof. That is to say, the record does not show a proper continuance of the motion to the December term of said court—the term wherein the decree of December 21, 1909, purporting to grant a rehearing in the divorce proceeding and set aside the decree of divorce, was made and enrolled.

[4] In such state of the record, it must be held that the subsequent death of William H. Hale on May 10, 1910, left in full force and effect the decree of divorce of September 11, 1909, by which he was divorced from his wife, Texanna, on the ground of adultery. The record is silent as to the remarriage of either of the parties between the date of the divorce decree and the date of the death of the said Hale, and also as to whether such decree of divorce was lawfully set aside on appeal or on due application for a rehearing. It is a familiar principle

of law that, during the interim between periods wherein courts are allowed to sit, such courts have no jurisdiction or power; and that any acts of a judicial nature, except such as may be specifically authorized by statute, done in vacation, are absolutely void. Garlick v. Dunn, 42 Ala. 404; Wynn v. McCraney, 156 Ala. 630, 636, 46 South. 854; Norwood v. L. & N. R. R. Co., 149 Ala. 151, 42 South. 683; Morrison v. Formby, 191 Ala. 104, 67 South. 668. The same principle has application to judgments or decrees, after the expiration of 30 days from date of rendition, where the time for a rehearing has not been extended by proper continuances, made and entered as provided by the statute, of the motion in that behalf.

It results from the foregoing that appellee, at the time of the death of William H. Hale, was not his lawful wife, and, consequently, is not his surviving widow nor entitled as such to enjoy the rights vested by statute in the widow of the decedent. The decree of the chancellor to the contrary was erroneous.

While it is elementary that, where lands belong to several tenants in common, either one of them may exercise the statutory right of redemption as to the entire property or interest sold (Lehman, Durr & Co. v. Moore, 93 Ala. 186, 9 South. 590; Harden v. Collins, 138 Ala. 399, 35 South. 357, 100 Am. St. Rep. 42; Francis v. White, 166 Ala. 409, 412, 52 South. 349; Francis v. White, 160 Ala. 523, 49 South. 334), yet it follows, from the conclusion we have announced, that Texanna Kinnaird, not being the widow of William H. Hale, deceased, is not a tenant in common, with complainants, of the property in question. And the doctrine of contribution between tenants in common has no place in this bill, which was filed by the next of kin of said decedent, for discovery, and to redeem his foreclosed property embraced in the mortgage given by the said Hale and wife on May 18, 1904, to the Jefferson County Savings Bank.

The chancellor correctly decreed that the amount of $48.10, with interest, was due on the mortgage. Morrison v. Formby, supra. This sum was paid by Mrs. Hale—Mrs. Kinnaird—to the Jefferson County Savings Bank, and was then due on the mortgage, and the mortgage was duly transferred to her.

[5, 6] Improvements made by a purchaser at a mortgage foreclosure sale, after he has so acquired title, are lawful charges under the statute. Code, § 5746 et seq. The chancellor reached the right conclusion, that the cross-complainant, Mrs. Kinnaird, was not entitled to reimbursement of the cost of improvements made on the property in question after the foreclosure. The evidence shows that on April 7, 1915, complainant made written demand on her for a statement in writing of the debt, and lawful charges, claimed by her as such purchaser

at foreclosure sale; and that she did not, within 10 days after said written demand, furnish J. A. Hale, the party at interest making the demand, such a written itemized statement. Her reply to said demand was mailed "April 24, 4:30 p. m., 1915," and was received "April 26, 1915." The fact that the itemized statement which she did mail bore date April 8, 1915, did not bring it within the terms of the statute. If she mailed the same on said latter date, and it was delayed in transmission through the mails to April 24th, the burden of compliance resting on her, the delay must affect her right, rather than that of him who made the demand under the statute. The written demand was delivered to her in person. To insure a due reply, under the statute, she should have shown due diligence toward statutory compliance. Her failure to comply within the statutory period, not only affected her claim to compensation for improvements, but authorized the party entitled to redeem and making the demand, to file his bill to enforce his right to redeem without making tender.

[7-10] It may be well at this point to say that the law is established that one in possession of land as a purchaser at a foreclosure sale, made in strict compliance with the terms of the mortgage, is not a mortgagee in possession, but the absolute owner not chargeable with rent or for waste; but a mortgagee in possession before foreclosure, or after an irregular foreclosure, may be liable for rent and waste, and the purchase by the mortgagee, unless authorized by the mortgage, is such an irregularity as to render him liable for rent and waste. Hence, after an offer to redeem, accompanied by a tender, the purchaser in possession may be liable for waste committed. Johnson v. Davis, etc., 180 Ala. 143, 60 South. 799. So may he be, for rents thereafter.

[11] The bill offers to pay such debt and the lawful charges found to be due. The chancery court taking jurisdiction thereof will ascertain and adjust all of the rights and equities of the parties. Code, § 5751; Hicks v. Meadows, 193 Ala. 246, 255, 69 South. 432. The bill prays that said property be sold for distribution and division among the heirs of the said William H. Hale. The fact that there were no debts of the estate other than that embraced in the mortgage the subject of controversy, and the offer to do equity in the premises, bring the case within the decisions to the effect that when an estate is left entirely free from debt, and the distributees do not invoke the action of the probate court, to ascertain and separate their several interests, but, instead, invoke the jurisdiction of the chancery court to give them their respective interests in the estate, without the expense and delay of administration, the relief will be granted.

There are no creditors to be prejudiced. The several distributees are the parties complainant to the bill for redemption and sale for division. No good reason obtains why full and adequate relief cannot be awarded under the bill filed. The only office of administration, if it were granted, would be to make distribution. Wright v. Robinson, 94 Ala. 479, 10 South. 319; Trawick v. Davis, 85 Ala. 342, 5 South. 83; Marshall v. Crow, 29 Ala. 279; Fretwell v. McLemore, 52 Ala. 124; Bethea v. McColl, 5 Ala. 308; Miller v. Eatman, 11 Ala. 609; Vandeveer v. Alston, 16 Ala. 494; Thompson v. Thompson, 107 Ala. 163, 18 South. 247; Carter v. Owens, 41 Ala. 217; Campbell v. Conner, 42 Ala. 131.

As to taxes that may have been paid by the respondent, Kinnaird, accruing on the property at and after the time of the foreclosure, she would be entitled to reimbursement on redemption; this being a lawful charge against the land, and its payment necessary to protect her security under the mortgage. Code, § 5749.

Appellee is taxed with the cost of this appeal, and that accruing in the chancery court.

The decree of the chancery court is reversed and rendered in part (as hereinabove indicated), and the cause is remanded for the ascertainment of the exact amount due on the mortgage, and for an accounting as to rents; and in other respects the decree is affirmed.

Affirmed in part, and in part reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.