## HURTER ET AL. *vs.* ROBBINS.

1. A decree *pro confesso* cannot be rendered against a defendant who has not been served with process.

2. A defendant against whom a decree *pro confesso* has been regularly rendered, has no right, except by consent or by leave of the court, to file an answer after the master has made his report upon a reference to him to take an account.

ERROR to the Chancery Court of Mobile.
Heard before the Hon. J. W. LESESNE.

HAMILTON, for plaintiff in error.
CAMPBELL, *contra.*

38

CHILTON, J.—This was a bill filed by the defendant in error against the plaintiffs to foreclose a mortgage alleged to have been executed by William Hurter, trustee of Eliza Horton, wife of Gustavus Horton. The trustee, the wife and her husband are all made parties. Process of subpœna issued on the 4th of March, 1851, and service was accepted by Eliza Horton on the 28th of the same month; but it does not appear to have been executed on any one else.

The defendants, Hurter and Eliza, answered on the 4th of April, 1851, averring that the mortgage debt belonged to one Thomas Belknap, administrator of John Butler, deceased, late of Hartford, Conn. This answer was replied to, and issue taken upon it in short by consent.

At a court of chancery, begun on the first Monday in April, 1851, a decree was rendered taking the bill for confessed against Gustavus Horton, for want of an answer; the decree reciting that he had been duly served with subpœna more than thirty days, and that he had failed to answer or demur to the bill. At the same term, a reference was made to the master to take an account of the amount due on the mortgage, and to report at that term; which having been done, the court, during that term, proceeded to render a final decree, confirming the master's report, which appears to have been made the 21st of April, 1851, and ordering the land to be sold, and the right of redemption of the defendants barred and foreclosed. It appears that on the 22d day of April, 1851, Gustavus Horton swore to the answer which had been previously filed by Hurter and Eliza Horton, and which purports to have been filed also for him.

There is no proof shown by the record of the mortgage, the notes which it purports to secure, or of the affirmative allegations of the answer.

This decree is clearly erroneous, and cannot be upheld.

The decree *pro confesso* was entered against Gustavus Horton, without any process of subpœna having been served upon him, and upon that decree the reference to the master was made. It does not appear that he had any notice of the proceedings until after the master's report was made; and indeed we are left to inference merely to ascertain whether he was notified before the day the final decree was rendered, as the

record fails to show on what day it was rendered.   It is manifest, that the proceedings are based upon the answer of the trustee and the wife, and upon the contempt of the husband, who, if the decree *pro confesso* had been regular, had no right, but by consent, or the leave of the court, to file an answer after the report had been made, Davenport v. Bartlett, 9 Ala. 179 ; and the court might properly have disregarded it. See, as to whom decrees *pro confesso* may be rendered, Pitfield v. Gazzum, 2 Ala. 325.

As the case for this error must be sent back, it is unnecessary for us to say any thing as to the effect of the answer of the wife separate from her husband, without an order granting this leave.   See, however, Dan. Ch. Pr. 193–549 ; 1 Eng. Ch. Rep. 164.

Nor will we enter into an investigation as to the merits of the case, to ascertain whether the lands of a married woman can be subjected to sale under a mortgage made by her trustee, to satisfy notes executed by her trustee, no allegation appearing that the debt was hers, or that she consented in any way to the mortgage.   The question as to how far the estate of the married woman may be charged, was discussed in Bradford and wife v. Greenway et al., 17 Ala. 797, and Jones v. Dawson et al., 19 ib. 672 ; and reference to these cases will be sufficient to guide the future progress of the cause.

Decree reversed, and the cause remanded.