WRIGHT ET AL. *vs.* MAY ET AL.

[CREDITORS' BILL TO SUBJECT LANDS FRAUDULENTLY CONVEYED.]

1. *Premature submission of cause on pleadings and proof; dismissal without prejudice.*—When a cause is prematurely submitted on pleadings and proof, service of process not having been perfected on one of the defendants, who is a necessary party to the bill, or the cause not being at issue as to him, the chancellor may set aside the submission, and require the necessary proceedings to be had to bring the cause regularly to a hearing, or he may dismiss the bill; but the dismissal in such case should be without prejudice, if the evidence shows that the plaintiff has a substantial cause of action.

APPEAL from the Chancery Court of Butler.
Heard before the Hon. WADE KEYES.

THE original bill in this case was filed, on the 28th August, 1857, by Robert R. Wright, Robert B. Smyth, and William Wright, as creditors of James Williams, deceased, against the personal representative of said Williams, S. S. May, John C. Lassiter, Benjamin Kelly, John W. Burns, and William L. Williams; and sought to subject to the satisfaction of the complainants' several debts a town lot in Greenville, which had been once sold under execution against said James Williams, and purchased at the sale by the complainant Smyth; and which, as the bill alleged, was afterwards redeemed by said Williams, in the name of said William L. Williams, who was his brother, and a conveyance taken to said William L. Williams. The bill alleged, that the redemption was effected with funds which belonged to said James Williams, and that the conveyance was fraudulently intended to hinder and defeat the claims of his creditors. The bill further alleged, that S. S. May was in possession of the lot, and claimed title to it, and had rented a portion of it to the defendants Kelly and Lassiter; and that the defendant Burns was in possession, and claimed title to another portion of it. In the statement of the defendants' names and residences, it was averred that William

L. Williams was a convict in the penitentiary; and process of subpœna was prayed against all the defendants. The subpœna was returned executed on the defendants Burns, May, Kelly, and the administrator of James Williams, on the 31st August, and on Lassiter on the 28th September, 1857; and on the 9th November following, a decree *pro confesso* was entered against all the defendants, which recites that they had been served with process for more than thirty days, and had failed to answer. At the May term, 1858, the decree *pro confesso* was set aside as to the defendant May, and permission was granted to him to file an answer; and on the 15th November, 1858, he filed an answer, requiring proof of the material allegations of the bill, and claiming to be a purchaser for valuable consideration without notice. On the same day, an order was made by the chancellor, in passing on a demurrer to the bill, allowing the complainants to amend by making it a general creditors' bill. The bill was accordingly amended, and the defendants were required to answer the amendment; but the record does not show when the amendment was made. A decree *pro confesso* on the amended bill, against all the defendants, is next copied in the transcript, but it is without date. On the 24th January, 1859, publication was ordered against William L. Williams and Kelly, as non-residents; but the record does not show that the publication was ever made. At the May term, 1859, the cause was submitted for final decree, on pleadings and proof, but the submission was afterwards set aside. At the November term following, it was again submitted; when the chancellor rendered a decree dismissing the bill, but not assigning any reasons for his decree. The chancellor's decree is now assigned as error.

WATTS, JUDGE & JACKSON, and B. F. PORTER, for the appellants.

BAINE & NESMITH, and ADAMS & HERBERT, *contra*.

BYRD, J.—Upon the allegations of the bill, William L. Williams is an indispensable party; and although the bill prays that he be made a party defendant, yet it does not

appear from the record that he was ever served with process to answer the bill. It does appear that, on the 24th January, 1859, the register made an order of publication against him; but it does not appear that the order was ever complied with, or that any further action was ever taken upon it. The cause was submitted for a final decree, on the pleadings and proofs; and the chancellor dismissed the bill, without assigning any reason therefor. In the state of the pleadings, the court did not err in dismissing the bill. The cause was prematurely submitted. The court could have set aside the submission, and required Williams to have been made a party, before proceeding to a final decree. But the court is not bound to protect a party against a premature submission of his cause.

We have looked into the merits of this cause, upon the pleadings and proofs; but, without intimating an opinion upon them, we are of opinion that the chancellor should have dismissed the bill without prejudice to the right of the complainant filing another bill. And in conformity to the established practice of this court, a decree is here rendered, reversing the decree of the chancellor, and rendering a decree dismissing the bill without prejudice; and the appellant must pay the costs of this court and the chancery court.— *Wilkins & Hall v. Wilkins*, 4 Porter, 245; *Burns v. Hudson*, 37 Ala. 62, and cases cited therein; *Taliaferro, adm'r v. Branch Bank of Montgomery*, 23 Ala. 757.

Judge, J., not sitting, having been of counsel in the cause.

Note by Reporter.—After the delivery of the foregoing opinion, the appellants asked and obtained a *certiorari*, returnable *instanter*, to perfect the record. The register, in his return to the *certiorari*, stated that there was no citation or subpœna in his office showing that service was ever perfected on the defendant William L. Williams, nor anything else, except an entry on his trial docket, signed by the warden of the penitentiary, which stated that the subpœna was executed by serving a copy on said Williams, who was a convict in the penitentiary, on the 2d September, 1857. The cause being again submitted, the following opinion was afterwards delivered:

BYRD, J.—The return to the *certiorari* does not relieve the case from the objections taken in the former opinion. The return copied from the trial docket is not sufficient to prove the service of the subpœna, when it is evident that the court below did not treat it so, as appears by the appellants' applying in January, 1859, for an order of publication against William L. Williams, to answer "the bill and amended bill," which was granted, and was never perfected; or, if so, the record does not show the fact. But, even if a subpœna had been served, or the publication perfected, still the record fails to show that the cause was ever at issue on the amended bill as to said Williams. There is no answer by him on file, nor any decree *pro confesso* against him on the bill as amended.

Let the former judgment-entry made at this term be re-entered.