(89 South. 374)

**MAY et al. v. DIMICK.   (2 Div. 731.)**

(Supreme Court of Alabama. April 21, 1921. Rehearing Denied May 19, 1921.)

1. Equity ⊜⇒419—Filing of answer does not of itself set aside decree pro confesso.

The mere filing of an answer does not of itself set aside a decree pro confesso, for Code 1907, §§ 3167–3169, provides that defendant may have such a decree set aside on application to either the chancellor or register at any time before publication of the testimony, notwithstanding defendant has been served with summons or by perfected publication as prescribed by law.

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Appeal and error** ⊚⇒957(1)—**Chancellor's setting aside pro confesso decree is subject to review if done before publication of testimony, but not if afterward.**

Prior to publication of testimony, the setting aside of a decree pro confesso and filing an answer is a matter of right under Code 1907, §§ 3167–3169, and the action of the chancellor in setting aside such decree is subject to review, but after publication of testimony such action is left to the chancellor's discretion, and may not be reviewed.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Bill by Mrs. S. J. Dimick against Mary E. and M. H. May, to foreclose a mortgage. Decree pro confesso for complainant, which the court refused to set aside, and defendants appeal. Reversed and remanded.

Edgar L. Clarkson, of Tuscaloosa, for appellants.

Under the showing made, the respondents were entitled as a matter of right to have the decree pro confesso set aside and file answer. Section 3167, Code 1907; Sims, Chan. Prac. § 376. If not a matter of right, it was an abuse of discretion to refuse the request. Authorities supra.

Harwood, McKinley, McQueen & Aldridge, of Tuscaloosa, for appellee.

The answer as filed would have been of no avail, and could not have been filed as a matter of right. 118 Ala. 351, 23 South. 703; 168 Ala. 317, 52 South. 949.

THOMAS, J. The question for decision is the effect of the statute upon appellants' right to have a decree pro confesso taken against them set aside before "publication of the testimony," upon the proper application, and upon such terms as the chancellor deems proper, not to extend beyond full costs.

Appellants, as defendants below, having been served with a summons, moved the court that the decree pro confesso against them in said cause be set aside for the purpose of filing answer, on grounds stated as follows:

"(1) That said bill in the above-entitled cause was filed on the 14th day of April, 1919, and the said solicitor for the defendants was employed in said cause some time in May following. After the employment of said solicitor for said defendants, negotiations were had with the attorneys for the plaintiffs with a view for possible adjustment. The matter pended in this shape until some time in June the said solicitor for defendants filed a demurrer. This demurrer was overruled, and the defendants were allowed time in which to file their answer. Some time about the middle of September the solicitor for the respondents asked leave of the court for two weeks additional time in which to file the answer. This answer, however, was not filed, and the matter was pending in this shape, when recently the solicitor for the defendants learned that a judgment by default had been taken against the defendants. The said solicitor for the defendants believed that the said defendants have a good defense to said cause of action.

"(2) This cause is not now ready for submission, and therefore, no injury or delay will be occasioned to the plaintiff by allowing the defendants to file their answer.

"(3) The said plaintiff will suffer no injury, nor will said cause of action be delayed in any manner whatsoever by the setting aside of said decree, since the court can require the defendants to file their answer immediately, and since the *plaintiff is not yet through taking its testimony in this cause.*

"(4) The said defendants would suffer irreparable injury if said decree is allowed to stand and said defendants are not allowed to interpose their defense to the said cause of action."

The proposed answer of appellants disclosed a meritorious defense (May v. Chiles, 202 Ala. 224, 86 South. 46) as against Anna D. Chiles, as executrix, etc., and as complainant in cross-bill against them, and as affecting the right of redemption to a large part of the lands covered by the mortgage which complainant seeks to foreclose (Prudential Casualty Co. v. Kerr, 202 Ala. 259, 80 South. 97).

[1] The statutes having application are as follows:

Section 3167: "A defendant who has been *served with a summons may, at any time before publication of the testimony, on making a proper showing,* obtain leave from the chancellor or register to set aside such decree, *upon filing a full and sufficient answer, and upon such terms,* not extending beyond full costs, as the chancellor deems proper; and the defendant may also plead or demur upon such terms as the chancellor may order."

Section 3168: "A defendant brought into court *by publication* against whom a decree pro confesso has been rendered, *may also, before publication of the testimony,* set aside such decree on *application* to the chancellor or register, *on filing a full and sufficient answer, and* such *other terms,* not extending beyond the payment of costs to the time of the application, *as may be imposed.*"

Section 3169: "The permission to file an answer, *after the publication of the testimony, rests in the sound discretion* of the chancellor."

Several propositions have been announced by this court. The mere filing of an answer does not of itself set aside a decree pro confesso (Pickering v. Townsend, 118 Ala. 351, 23 South. 703; Smith v. Hill, 168 Ala. 317, 324, 52 South. 949); for the statute provides that the defendant may have such decree set aside on application to either the chancellor or register at any time before publication of the testimony, irrespective of the fact that such defendant is one who has been served with a summons or one who has publication perfected against him as prescribed

by law. Defendants, of said respective classes, are required by statute to file a "full and sufficient answer," and may be subjected to the payment of such costs as may be imposed, not "extending beyond full costs" as to him who has been served with summons; and npt beyond the payment of costs to the time of the application as may be imposed, on one brought into court by publication.

[2] That is to say, the effect of such statutory provisions as to a defendant who has been served with a summons is that he may (1) at any time before publication of the testimony, (2) on making a proper showing, obtain leave of the chancellor or register to set aside such decree, upon filing a full and sufficient answer, which is to be determined in the exercise of a sound judicial discretion, and (3) upon such terms as may be deemed proper, not extending beyond full costs, subject to the conditions named. Up to the time indicated by the statutes, the setting aside of the decree pro confesso and filing an answer are matters of right; and the action of the chancellor as to such right of defendant in default is subject to review. But, after the publication of the testimony, the setting aside of the decree pro confesso and leave to file an answer are left to the sound discretion of the chancellor, and are not subject to review. Jordan v. Jordan, 17 Ala. 466; Hurter v. Robbins, 21 Ala. 585; Sims' Ch. Pr. § 376.

We are of opinion that respondents (Mary E. and M. H. May) should have been permitted to file the answer exhibited to the court, upon such terms that may be imposed under the statute and as deemed just and right.

As to the insistence that the testimony before the register was not sufficient to support the finding of the amount of the attorney's fee, the appellant is in error, as the record and testimony were sufficient to show the court that the amount of said fee so allowed was reasonable. The judgment of the circuit court in equity is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.