(99 South. 89)

**SEXTON v. HARPER et al. (6 Div. 62.)**

(Supreme Court of Alabama. Jan. 24, 1924. Rehearing Denied Feb. 14, 1924.)

**1. Equity ⟐═387—Court in term time may, without written request, receive oral submission of cause by complainant on testimony noted by register.**

Code 1907, § 3164, as amended by Gen. Acts 1915, p. 606, providing that wherever a cause is ready for submission under required conditions, and complainant shall file a written request, and make out his note of testimony for final decree, it becomes the duty of the register or clerk to deliver all the papers in the cause to the judge, who shall render decree as soon as practicable, did, not prohibit the court in term time from receiving oral submission on testimony as noted by the register, and absence of a written request did not invalidate the decree.

**2. Equity ⟐═420—Decree of sale after decree pro confesso for want of answer held justified.**

Where complainants in a suit to sell land subject to mortgage filed a note of testimony, and defendant made no defense, took no testimony, and the note of submission embodied the original and supplemental bills and testimony, and decree pro confesso was rendered against defendants which fully sustained the allegations in the bills and the depositions mentioned in the note of testimony, a decree of

sale was properly rendered, since the allegations of original supplemental bills after a decree pro confesso are taken as true.

**3. Equity ⟐═419—Decree pro confesso may be set aside as matter of right before publication of testimony, discretionary thereafter.**

A defendant who has been served with summons may upon filing sufficient answer obtain leave to set aside a decree pro confesso any time before publication of testimony as a matter of right, subject to review under Code 1907, § 3167, so providing, and after publication within the trial court's discretion.

**4. Equity ⟐═430(3)—Motions to set aside decree made after statutory time limit properly stricken.**

Under Code 1907, § 3167, removing the court's power over judgments after 30 days from entry unless a motion to set aside or for new trial be made, two motions to set aside, containing no evidence to support their allegations, filed one before and the other after the sale under a second decree, and more than 30 days after the last decree and long after the testimony was published, were properly stricken.

**5. Judicial sales ⟐═45—Court's refusal to vacate sale to judge's father presumed correct in absence of proof of injury.**

In the absence of a showing of injury to complainant where the court confirmed a sale of land by the register, under decree, to the trial judge's father as highest bidder, the court's refusal to vacate such confirmation was presumed correct, since complainant had the burden of proving irregularity.

Appeal from Circuit Court, Tuscaloosa County; Fleetwood Rice, Judge.

Bill in equity by M. I. Harper and J. H. Mayfield, and supplemental bill by Henry A. Jones, against Mollie Sexton and W. H. Sexton. From decrees for complainants, respondent Mollie Sexton appeals. Affirmed.

Wm. M. Adams, of Double Springs, and F. F. Windham, of Tuscaloosa, for appellant.

It is necessary that the complainant file a written request with the register for submission. Acts 1915, p. 606; Gilliland Co. v. Sinclair, 203 Ala. 62, 82 South. 22. The judge of the court was disqualified to confirm the report of sale of the land involved to his father as purchaser. Collins v. Hammock, 59 Ala. 448; Hall v. Wilson's Heirs, 14 Ala. 295; Marston v. Carr, 16 Ala. 325; Gill v. State, 61 Ala. 171; W. O. W. v. Alford, 206 Ala. 18, 89 South. 528; Bethea v. Bethea, 139 Ala. 505, 35 South. 1014; Hutto v. Walker Co., 185 Ala. 505, 64 South. 313, Ann. Cas. 1916B, 372; Salm v. State, 89 Ala. 56, 8 South. 66.

Jones, Jones & Van de Graaff and R. H. Wright, all of Tuscaloosa, for appellees.

Acts 1915, p. 606, is directory merely, and the authority cited by appellant is not apt. Acts 1915, pp. 279, 707. Objection because of

---

⟐═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

disqualification due to relationship cannot be raised after the decree is rendered. Collins v. Hammock, 59 Ala. 448; Ex parte State Bar Ass'n, 92 Ala. 113, 8 South. 768.

MILLER, J. This is a bill in equity by M. I. Harper and J. H. Mayfield against Mollie Sexton and W. H. Sexton, seeking to sell under mortgage all of the land in the S. W. ¼ of the N. W. ¼, section 36, which lies east of the Watermelon road in township 20, range 10, in Tuscaloosa county. The bill avers the defendants executed on November 5, 1921, the mortgage on the land to secure a debt to the First National Bank of Reform, and shortly afterwards this bank duly and legally transferred for value the mortgage and the debt secured by it to the complainants. A decree pro confesso on personal service was duly and regularly rendered by the court against each defendant on May 8, 1923; testimony was afterwards taken by the complainants, and the cause was submitted in term time on the bill of complaint, decree pro confesso and testimony noted by the register. On May 10, 1923, the court by decree granted complainants relief, fixed the amount of the mortgage debt, including attorney's fee, secured by it, at $783.20, and ordered the land sold to pay this sum, unless the respondents paid it within 30 days from date.

On August 4, 1923, Henry A. Jones filed in this cause a supplemental bill against these defendants, Mollie Sexton and W. H. Sexton, averring that Henry A. Jones is the owner and assignee of the foregoing decree rendered in this cause, and the assignment and transfer of it to him by complainants is made an exhibit to his bill. It states he bought said decree at the request of the respondents; and, further, that the respondents did on February 16, 1922, execute a second mortgage on this land to S. B. Harris to secure a debt due him; and this mortgage, with the debt secured by it, was duly transferred by S. B. Harris to Henry A. Jones. This note, and the mortgage securing it, and written transfer of both to the intervener, are attached to his bill as exhibits. This supplemental bill of Henry A. Jones seeks to have the land sold to pay the debt evidenced by the decree of May 10, 1923, and to pay the debt evidenced by the note which is secured by this second mortgage on this land.

The defendants were each served, personally, with notice of this supplemental bill or petition of Henry A. Jones. A decree pro confesso was regularly rendered and duly entered in term time on September 10, 1923, by the court against each defendant. After this decree testimony in the cause was taken by this complainant, and the cause was then submitted by complainant to the court for decree in term time on "supplemental bill, decree pro confesso against the defendants;

deposition of Robison Brown, entire court file in this case, with exhibits," as noted by the register.

The court by decree on September 13, 1923, fixed the amount due Henry A. Jones under the Harris mortgage and the decree of May 10, 1923, including attorney's fee secured by the Harris mortgage, at a total sum of $954.-60; declared it was a lien under the mortgages on the land; directed the land to be sold by the register to pay it, unless the respondents paid within five days from date of the decree this sum together with the costs of the cause.

The land was duly advertised and sold by the register as the decree directed, on October 15, 1923, T. A. Rice becoming the purchaser at such sale for $1,161 cash; the purchase price was paid to the register; the sale, purchaser, and price together with its payment was reported by the register to the court, and the court by decree directed a conveyance of the land to be made by the register to the purchaser.

This appeal is prosecuted by Mollie Sexton from these decrees; she alone appeals and assigns errors.

[1] Appellant insists the court erred in rendering the decrees of sale, one dated May 10, 1923, and the other September 13, 1923, because the cause was submitted by the respective complainants for decree to the court, without filing a written request with the register therefor under section 3164 of the Code of 1907, as amended in Gen. Acts 1915, p. 606.

Whenever a cause is ready for submission under the terms, facts, and conditions mentioned in this section (3164, Code, supra), as amended, and the complainant "shall file a written request with the register or clerk where the cause is pending that the cause be submitted for final decree and shall make out his note of testimony," it becomes then the duty of the register or clerk to at once deliver all papers in the cause to the judge, and it becomes then the duty of the judge as soon as practicable to render a final decree in the cause, and return the same to the register, etc. But this section, as amended, does not prohibit the court in term time from receiving an oral submission of such a cause by the complainant on testimony as noted by the register, as the record shows was done in these causes.

When these causes were submitted and when these decrees were rendered, the circuit court was open for the transaction of any and all business or judicial proceedings of every kind. Act approved September 22, 1915 (Gen. Acts 1915, p. 707). These decrees were not improperly rendered by the court because the respective complainants did not file in writing a request with the register or clerk that the respective causes be submitted for final decree. This was not necessary for the validity of either decree. Section 3164,

as amended by Acts 1915, p. 606; Act of 1915, Gen. Acts 1915, pp. 707, 708.

[2] In the original and supplemental bills personal notice was given each defendant of the different causes as the statute requires; and a decree pro confesso was regularly and duly rendered by the court in term time against each defendant in both causes. The allegations of this bill and the allegations of the supplemental bill, under these decrees pro confesso, are to be regarded as admitted by each of these defendants, because it is not a bill for divorce, and they are not infants, persons of unsound mind, executors, or administrators. Section 3163, Code 1907.

A note of testimony was filed by the complainants and noted by the register in the original and in the supplemental cause. The defendants made no defense, took no testimony, and submitted no evidence to be noted by the register. The original and supplemental bills, the decree pro confesso in them against each defendant, and the testimony in the cause were embraced in the respective notes of submission; the allegations in the original and supplemental bills are fully sustained and amply supported by the decrees pro confesso and the depositions mentioned in the respective notes of testimony; and the decree of May 10, 1923, in the original cause, and the decree of September 13, 1923, in the supplemental cause, were properly rendered by the court.

[3, 4] This land was advertised for sale by the register to be had under the decree of September 13, 1923, during the legal hours of sale on Monday, October 15, 1923. On that day, before the sale, the respondents filed in the cause a motion "to set aside and vacate the decrees pro confesso heretofore made, and entered in this cause, upon the grounds that the property described in and covered in the two mortgages, the subject of this suit, is the property of and the separate estate of Mollie Sexton." The defendants on October 16, 1923, after the sale, filed another motion in the cause, to set aside and vacate the sale of the property to T. A. Rice, the report of the register, the decree pro confesso, and the final decree, on the ground when the mortgages were executed, and ever since, this real estate was and is now the separate estate and property of Mollie Sexton, wife of W. H. Sexton, and that this suit is an attempt on the part of the original complainants and the intervener to make liable this real estate, the property of Mollie Sexton, for the debts, obligations, or engagements of her husband.

Henry A. Jones, intervener, filed motion to strike from the files the foregoing motions filed by Mollie Sexton, on the ground they come too late, and are not authorized by law. The court in its decree states notice of the foregoing motion had been given Mollie Sexton's attorney, and upon consideration of the motion it was granted, and the foregoing motions of Mollie Sexton were by decree of the court stricken from the files in this cause. The appellant insists the court erred in striking these motions from the file in the cause.

This defendant (Mollie Sexton) makes no proper showing in her motion for setting aside the decree pro confesso, or final decree, or sale or report of the register. She offers no evidence to sustain the ground stated. It is filed to set aside a decree pro confesso, after the testimony is published, after two final decrees of sale have been entered, and just before and just after the sale of the property under the last decree of sale. A defendant who has been served with summons may at any time as matter of right, subject to review before publication of the testimony on making proper showing, obtain leave from the court to set aside a decree pro confesso upon filing a full and sufficient answer, etc. After the publication of testimony, a defendant may apply for it, but the granting of the application rests in the sound discretion of the trial court. Jordan v. Jordan, 17 Ala. 466; May v. Dimick, 206 Ala. 107, 89 South. 374; section 3167, Code 1907.

"After the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day." Section 3, Act approved September 22, 1915; Gen. Acts 1915, pp. 707, 708.

The first decree, ordering a sale of the land in the original bill, was rendered and entered of record on May 10, 1923, and the last decree of sale in the supplemental bill was rendered and entered September 13, 1923. These motions were filed, one on the 15th and the other on the 16th of October, 1923. This was more than 30 days after the last decree of sale under the supplemental bill, and long after all the testimony was published. So we must hold the trial court did not err in striking these motions of the defendants from the file in the cause.

[5] The register in writing reported the sale of the land to the court on October 18, 1923. It was filed that day in the cause, and stated T. A. Rice was the highest, last, and best bidder for the property at the sum of $1,161, which he paid in cash to the register. The court by decree, on October 19, 1923, confirmed the report of the register, directed the register to make a deed to the purchaser, and out of the proceeds of sale to pay the court costs, the amount with interest due Henry A. Jones, as shown by the decree of sale, and the balance be held for Mrs. Mollie Sexton.

The defendants on the 19th and 20th of October, 1923, filed motions to annul and vacate the decree confirming the report of

the register and directing the register to convey by deed the land to T. A. Rice, the purchaser, on the ground, as the motion avers, "that the said T. A. Rice is the father of the judge of this court, the Honorable Fleetwood Rice; that said decree is void and of no force or effect." The court on the hearing of these motions by decree overruled them. Did the court err?

These motions were filed after the decree was rendered, confirming the report of the register. The defendants offer no evidence to the trial court to sustain the facts averred in the motion. This burden of proof rested on them. This court will presume this ruling of the trial court is free from error until the contrary affirmatively appears from the record. Beadle v. Davidson, 75 Ala. 494; Torrey v. Bishop, 104 Ala. 548, 16 South. 422; McCord v. Bridges, 207 Ala. 376, 92 South. 447. If T. A. Rice is the father of the presiding judge, there is nothing to indicate in any manner an injury to this defendant or her cause by this decree confirming the report of the purchase of the property by him. His bid, the register reports, was the highest, best, and last; that the price paid was fair and adequate for the property, and was not greatly disproportionate to its real value; and there is no evidence to the contrary. The defendants aver and prove no injury by the decree; they filed no objections or exceptions to the confirmation of the register's report. No objection was raised by them to the presiding judge confirming the report on account of his relationship to the purchaser until after the decree of confirmation was rendered. They made no proof to sustain the facts averred in the motions. We must hold, therefore, the court did not err in overruling the motions of the defendants to set aside the decree confirming the report of the register. Collins v. Hammock, 59 Ala. 448; Hall v. Wilson's Heirs, 14 Ala. 295; and authorities, supra.

The record is free from error, and the decrees are affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.