(106 So. 168)

**NATIONAL CITY BANK OF MOBILE et al. v. BARRET et al. (1 Div. 329.)**

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Nov. 19, 1925.)

1. **Equity ⟨⟩419—Decree pro confesso set aside on proper showing and proffering of full and sufficient answer by respondent.**

Under Code 1923, § 6604, a respondent in equity against whom a decree pro confesso has been entered is entitled as a matter of right, on making a proper showing and proffering a full and sufficient answer, to have default set aside.

2. **Equity ⟨⟩419—Refusal to set aside decree pro confesso for respondents' failure to give itemized statement of moneys received by them held erroneous, where complaint requested no such relief.**

Refusal to set aside decree pro confesso in suit to have wife's conveyance declared void as being given as security for her husband's debt, or in the alternative to compel respondents to account for money received in payment of husband's indebtedness, in that respondents had not given an itemized statement of money so received by them, held erroneous, where complaint requested no such relief.

3. **Equity ⟨⟩418—Decree pro confesso held erroneous, where new party brought in by amendment had not been served with process and had not made any appearance.**

In suit by wife to set aside conveyance as being given as security for her husband's debt

and for an accounting, court erred in rendering decree pro confesso after new party respondent had been brought in by amendment and respondents' demurrers to amended complaint had been overruled and no order made requiring them to answer, where such new party had not been served with process and had not made any appearance.

4. **Equity ⟨⟩387—Submission of cause for final decree on pleading and proof held error, where new respondent not served with process and no appearance made.**

In wife's suit to set aside conveyance as given as security for her husband's debt and for an accounting, court erred in taking a submission of cause for final decree on pleading and proof so long as new party respondent brought in by amendment had not been served with process and had not made any appearance.

5. **Appeal and error ⟨⟩865—Reviewing tribunal unable to deal with merits on appeal from refusal of trial court to set aside decree pro confesso.**

On appeal from erroneous decree of trial court refusing to set aside a decree pro confesso, reviewing tribunal cannot deal with the merits, but must reverse judgment and remand cause so that such decree may be set aside and respondents allowed to answer and litigate claims of complainants.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Bill in equity by Kate W. Barret and B. T. Barret against the National City Bank of Mobile and A. L. Staples. From the decree, respondents appeal. Reversed and remanded.

This appeal is taken from the final decree of the circuit court, in equity, wherein a money judgment in the sum of $11,356.80 was rendered in favor of complainant Kate W. Barret, against respondent National City Bank of Mobile. The substance of the bill and facts of the case are sufficiently stated by appellants as follows:

"The complainant Mrs. Kate W. Barret (appellee), and her husband, B. T. Barret, on May 9, 1922, filed their bill of complaint against the respondent National City Bank of Mobile, Ala. (appellant), and A. L. Staples, alleging that a certain deed, executed more than ten years prior to the filing of the bill, and purporting to convey an undivided interest in certain lands (value not shown) of Mrs. Barret, lying in the state of Mississippi, was void under the Alabama statute annulling a wife's conveyance when given as security for her husband's debt. A. L. Staples, an officer of the respondent bank, was the grantee in the deed, and he at once executed to Barret Bros. Shipping Company, Inc., an option to repurchase the lands for the sum of $8,400 with interest; the respondent bank by indorsement thereon guaranteeing that Staples would convey upon exercise of the option. Barret Bros. Shipping Company, Inc., then transferred the option to Mrs. Barret. Subsequently, in 1915, Staples conveyed his interest to the bank.

"The bill further alleges: That at the time of

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the execution of these several instruments, except the last, the husband, B. T. Barret, was indebted to the respondent bank in the said sum of $8,400, and that the wife, Mrs. Barret, was in no manner obligated to pay the same; the indebtedness being wholly that of the husband. That this indebtedness of the husband was thereafter reduced by payments which he himself made from his own earnings, and not with any moneys of the wife, leaving, however, at the time of the filing of the bill, a balance still due by the husband, B. T. Barret, to the bank of about $1,300 with some seven years' interest. That certain litigation involving title to the land, to which the said Staples, representing the bank, and Mrs. Barret, were parties, was for a number of years pending in a Mississippi court, which suit, however, was finally disposed of at the fall term, 1921, of the Mississippi court by an order of dismissal. That on October 28, 1921, over six months prior to the filing of the bill of complaint, the respondent bank conveyed the lands to one L. V. Pringle, a resident of the state of Mississippi; and that Pringle thereafter filed in the Mississippi court a bill for partition of the lands, which suit was pending at the time of the filing of the bill of complaint. That continuously from the date of her deed to Staples in 1911 and until the filing of her bill in this cause Mrs. Barret remained in possession of the land and paid taxes thereon. That each of the conveyances mentioned were made and given in an effort to secure the husband's debt and to avoid the Alabama statute, and each of them were wholly without consideration, and were void; and that the said Pringle had no interest whatever in the land, but was acting only as the agent of the respondent bank. Pringle was not made a party defendant to the bill.

"The primary relief prayed for was that the pending suit in Mississippi instituted and maintained by Pringle be enjoined, and that the deed from Mrs. Barret to Staples be declared void; and, in the alternative, if it should be held that the deed mentioned was not void, but a mortgage, that complainants be allowed to redeem. Incidentally, without any claim that complainants did not have an adequate remedy at law, without any showing of mutual or complicated accounts, or of fraud, or a trust, without any demand for discovery, the bill prayed that, in event the deed to Staples was held valid, the respondent bank be compelled to account for and to pay over to the complainants, one or both, as might be entitled to it, all the money with interest which it was shown had been paid to the bank by B. T. Barret in part payment only of his admitted indebtedness to the bank. On this last prayer of the bill, the court based its decree, declaring it was without power to grant any relief as to the land. No cross-appeal is presented; and the correctness of the court's decree, in so far as it denied the main relief sought by the bill, is not questioned.

"The respondents separately demurred to the bill of complaint on the separate grounds: (1) That there was no equity in the bill; and (2) that it was shown by the bill that the respondent bank had conveyed all of its interest in the lands to L. V. Pringle prior to the filing of the bill of complaint. The court, after hearing had, entered its order and decree sustaining the demurrers, and granting the complainants leave to amend.

"The only amendment to the bill of complaint was the addition of L. V. Pringle, a resident of Mississippi, as a party defendant thereto.

"Within a few days after the amendment noted was made, the respondents filed their separate demurrers to the amended bill, which were substantially the same as the demurrers interposed to the original bill, and which had been sustained by the court. These demurrers were by the court overruled; but there was no order requiring the respondents to answer. At this time the said Pringle had not been brought into court by the service of any valid process upon him; and that he never was, is a fact shown by the record and noted in the court's final decree.

"After the court's last ruling on demurrers, the suit remained inactive for over eight months, during which time presumably an effort was being made to serve process upon the added respondent L. V. Pringle. Then the complainants on the 28th day of June, 1923, without notice to the respondents, moved for a decree pro confesso on the amended bill, against both of the respondents Staples and the bank. The motion was granted, and the decree pro confesso entered.

"On the same day the court entered the decree pro confesso, the respondents filed their motion in writing to set aside the decree pro confesso, and to stay all further proceedings in the cause until such time as Pringle should be made a party to the suit by service of process upon him, or that the court in its discretion dismiss the amended bill. As ground for the motion the respondents recited the history of the cause to the date of the filing of the motion. The court denied the motion to set aside the decree pro confesso, with leave, however, to the respondents to renew the motion when accompanied with a full answer to the bill of complaint as amended.

"The respondents did renew their motion to set aside the decree pro confesso, and accompanied the same with an answer, and answered in detail, every averment of the bill. The court entered its decree refusing to set aside the decree pro confesso, giving as the ground therefor that the answer was not full and complete."

Thereafter, against respondents' objection, testimony was taken by complainants, and the cause was submitted by them for final decree. The court held that relief could not be had against the land, Pringle not being before the court, but granted relief by way of a decree in favor of the complainant Mrs. Barret for the amount of money paid upon the $8,400 debt of her husband; the finding being that those payments were made by or for the account of Mrs. Barret.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellants.

A party defendant in equity is entitled as a matter of right, at any time before publication of testimony, to have a decree pro confesso set aside on motion, accompanied by a full and sufficient answer. Sexton v. Harper, 210 Ala. 691, 99 So. 89; May v. Dimick, 206 Ala. 107, 89 So. 374; Pond v. Lockwood, 11 Ala. 567. Testimony cannot be taken by either party until the cause is at issue as to all

defendants. Chancery rule 49. If a cause is not at issue as to all the parties defendant, it is error to take a submission. Southern B. & L. Ass'n. v. Riddle, 129 Ala. 562, 29 So. 667; Holly v. Bass, 63 Ala. 387; Wright v. May, 40 Ala. 550; Vaughan v. Smith, 69 Ala. 92.

George B. Cleveland, of Mobile, for appellees.

Respondent has no right to have a decree pro confesso set aside without a full and sufficient answer. May v. Dimick, 206 Ala. 107, 89 So. 374. If error at all in proceeding with the case against all defendants except Pringle, it was harmless, since Pringle was not a material defendant, and no decree was rendered against him. Harris v. Moore, 72 Ala. 507.

SOMERVILLE, J. [1] Under section 6604, Code of 1923, a respondent in equity against whom a decree pro confesso has been entered is entitled as a matter of right, upon making a proper showing, and proffering a full and sufficient answer, to have the default set aside. May v. Dimick, 206 Ala. 107, 89 So. 374.

The trial court refused to set aside the decree pro confesso in this case solely on the ground:

"That the defendants have not fully answered the bill in. the particular that they have not given an itemized statement of the moneys received by the defendant the National City Bank, or its predecessors in interest, on the alleged indebtedness of $8,400 of B. T. Barret, or Barret Bros. & Co., or Barret Bros. Shipping Company to the defendant National City Bank."

[2] In this conclusion and action we think the trial court was clearly in error. The bill of complaint exhibits neither prayer nor interrogatory calling for an itemized statement of the payments in question.

The bill shows that the original debt of $8,400 has been reduced by partial payments to about $1,300, and it avers that—

"Complainants have sought from said defendant bank an account of the credits due on the said $8,400 received or retained by said defendant bank out of transactions financed by it, as aforesaid and have been unable to do so."

The alternative prayer is:

"That the said bank be required to account for all moneys received or retained by it on account of said $8,400, and that a decree against the said bank for the amount so received * * * be given to complainants, one or both."

[3] The circumstances leading up to respondents' default in answering, which are fully set forth in the motion to set it aside, make a proper showing for relief, and the proffered answer is full and sufficient.

[4] The trial court was in error also in taking a submission of the cause for final decree on pleading and proof so long as Pringle, the new party respondent brought in by the amendment, had not been served with process and had not made any appearance. Wright v. May, 40 Ala. 550; Vaughan v. Smith, 69 Ala. 92.

[5] In this state of the record, we cannot deal with the merits of the case, but must reverse the judgment and remand the cause, to the end that the decree pro confesso may be set aside, and the respondents allowed to answer and litigate the claims of complainants.

No doubt the bill of complaint will be duly amended so as to eliminate the respondent Pringle, and rid it of its impracticable aspect of a bill for actual redemption of the land.

Reversed and remanded.

THOMAS, MILLER, and BOULDIN, JJ., concur.