177 So.2d 454

**Ex parte Raymond F. HELBLING et al.**

**4 Div. 166.**

Supreme Court of Alabama.

May 20, 1965.

Rehearing Denied Aug. 12, 1965.

W. R. Martin, Ozark, and John C. Walters, Troy, for petitioners.

Chas. O. Stokes and Chas. L. Woods, Ozark, for respondent.

LAWSON, Justice.

Petition for mandamus to review a ruling of the Honorable Mike Sollie, III, as Judge of the Circuit Court of Dale County, in Equity, striking petitioners' motion to set aside a decree pro confesso and the final decree which followed.

On November 16, 1962, the petitioners, Raymond F. Helbling and Josephine E. Helbling, filed their bill in the Circuit Court of Dale County, in Equity, against The Bank of Ozark and Jack Cone. As to specific relief the bill only prayed: "Your Complainants pray further that Your Honor will, upon hearing of the same, by this Court, decree a reference to determine the amount legally due and owing by the Complainants."

There was a prayer for general relief and it is apparently on that prayer, together with the averments of the bill, that the Helblings say in brief that their bill was filed "to redeem, under equitable redemption, of a certain mortgage."

The Bank of Ozark filed its answer on December 17, 1962. For the purposes of this opinion it is unnecessary to state the contents of that answer other than to say that The Bank of Ozark averred in its answer that it held the mortgage in question only as security for a debt owed it by Jack Cone and "that the only interest it has in the matter is the amount due by Jack Cone to it."

On December 17, 1962, Jack Cone filed his answer which he made a cross bill, wherein he claimed an indebtedness due to him by the complainants, which indebtedness he alleged was secured by the mortgage described in the original bill, which mortgage he averred was on September 1, 1962, assigned to him by The Bank of Ozark, "together with the debt secured thereby, and all the property described therein, and all the rights of action and remedies thereunder * * * and he is now and has been since said date the owner of said note and mortgage and the debt secured thereby."

The respondent Cone in his answer-cross bill further alleged that in addition to the note secured by the mortgage, the complainants owed him approximately $2,500, which amount was past due and unpaid and was secured by the open-end provisions of the mortgage; that the complainants, through their then attorney, knew that Cone owned the note and mortgage and knew that he claimed the mortgage covered the other sums due him by complainants.

In addition to the prayer for process and the prayer for general relief, the cross bill of Jack Cone prayed, in substance, as follows:

1. A determination of the amount owed him by the Helblings, not only in regard to the note secured by the mortgage, but as to the claimed indebtedness not secured by the mortgage.

2. An order requiring the Helblings to pay Cone the amount found due him within thirty days.

3. An order directing the Register to proceed to foreclose the mortgage if the amount found due is not paid within the time fixed by the court.

4. That after foreclosure and after the proceeds of the foreclosure have been paid into court, the Register be directed to report the sale to the court and if the sale is confirmed that the Register be directed to distribute the proceeds in the manner provided by the terms of the mortgage.

5. A deficiency judgment be rendered against the Helblings in favor of Cone in the event the amounts realized from the foreclosure sale are insufficient to pay the amount found to be due Cone, including attorney's fees, expenses and costs of court.

No answer having been filed to the cross bill, counsel for Jack Cone, on January 25, 1963, filed a motion for a decree pro confesso against the Helblings, and Judge Sollie on that day entered an order setting that motion down for a hearing on February 1, 1963.

On February 1, 1963, no one appearing in opposition to the motion for a decree pro confesso, submission was had on that motion and Judge Sollie rendered a decree pro confesso wherein it was ordered, adjudged and decreed that "the Cross-bill in this cause, be and it is hereby, in all things, taken as confessed against the said Raymond F. Helbling and Josephine E. Helbling." The decree pro confesso contains a recital to the effect that a copy of the motion for a decree pro confesso, showing the day, time and place set for hearing that motion, "was duly sent" by the Register to the attorney then representing the Helblings.

On February 13, 1963, the Helblings not having appeared in person or through their then attorney, testimony of the respondent-cross complainant, Jack Cone, and that of several witnesses called on his behalf was taken before the Register.

On February 14, 1963, a note of testimony signed by the attorneys for respondent-cross complainant Jack Cone was filed.

On February 14, 1963, after the note of testimony was filed, Judge Sollie made and entered a decree which recited, in part, as follows: "IT IS ORDERED, ADJUDGED AND DECREED by the Court that the cross-complainant Jack Cone be and he is hereby granted the relief as prayed for in his cross-bill filed in this cause."

That final decree determined the amount due under the mortgage, gave the Helblings thirty days in which to pay that amount into court, and provided that if such payment was not duly made the Register was to foreclose the mortgage, sell the mortgaged property, report the sale to the court for further action. A copy of the final decree was ordered sent to the Helblings.

On March 12, 1963, the Helblings filed a "Motion to set aside Decree," which reads:

"Comes now your petitioner in the above cause, and moves the Court to set aside the Decree pro confesso and decree rendered on the 14th day of February, 1963, and for grounds therefor, shows unto the Court as follows.

"1. That petitioner had no notice of hearing, in that the actual notice which was forwarded to counsel for petitioner was misfiled while counsel was incapacitated by sickness. That the first notice of the hearing was receipt of a copy of the decree.

"2. For that the petitioner has a good and meritorious defense to this cause of action and has been prevented from presenting such defense.

"Wherefore, the petitioner moves that this Honorable Court set aside and hold for naught the decree pro confesso and decree entered on the 14th day of January, 1963, and restore to the docket for trial and set this matter down for hearing at earliest possible date."

Judge Sollie on the day the last-mentioned motion was filed entered the following order thereon: "Upon the above petition being presented to me, it is set for a hearing at Chambers, at 9: o'clock on the 18th day of March 1963, and the Register is directed to give notice accordingly."

On March 18, 1963, Judge Sollie continued the "within cause" until March 29, 1963. On March 30, 1963, "this cause" was continued "for the defendant" until Tuesday, April 2, 1963.

On April 2, 1963, Jack Cone, one of the respondents to the original bill and the cross complainant, filed a motion "to strike the motion to set aside the decree pro confesso in the above-styled cause."

Following that decree the Helblings obtained the services of the attorneys who on May 8, 1963, filed in this court the petition for mandamus presently under consideration.

■ Although we issued the rule nisi, we are confronted at the threshold of this opinion with the question as to whether that rule was improvidently issued. Is mandamus the proper remedy? We think that it is not.

■ Generally, mandamus will not lie when there is an adequate remedy by appeal and it will not be granted for purposes of review or as a substitute for appeal. Finley v. Jenkins, 264 Ala. 536, 88 So.2d 329; Moore v. Hawk, 270 Ala. 684, 121 So.2d 904; Ex parte Carroll, 263 Ala. 212, 82 So.2d 190; Jackson Lumber Co. v. W. T. Smith Lumber Co., 247 Ala. 661, 25 So. 2d 853; Ex parte Carroll, 272 Ala. 353, 21 So.2d 676.

In several cases where the appeal came here from a final decree, we have dealt with the action of the trial court in regard to motions to set aside decrees pro confesso. May v. Dimmick, 206 Ala. 107, 89 So. 374; Sexton v. Harper, 210 Ala. 691, 99 So. 89; National City Bank v. Barret, 214 Ala. 35, 106 So. 168; Hurter v. Robbins, 21 Ala. 585; Tennessee Valley Bank v. Clopton, 219 Ala. 181, 121 So. 548; Kendrick v. Ward, 246 Ala. 550, 21 So.2d 676, 15 A.L.R. 734.

In Ex parte Carlisle, 118 Ala. 175, 24 So. 30, this court held that although a decretal order setting aside and vacating a decree pro confesso might be erroneous, such decretal order should not be set aside on application for mandamus, since the action of the trial court was reviewable on appeal from the final decree, which would furnish an entirely adequate remedy.

To the same effect is our holding in Koonce v. Arnold, 244 Ala. 513, 14 So.2d 512, where submission here was on an appeal from a decree setting aside a decree pro confesso and on a motion for writ of mandamus. We held the decree not appealable. We also refused to issue a writ of mandamus, saying:

"If the matters complained of can be ultimately presented to the appellate court through the medium of an appeal from the final decree, mandamus will not ordinarily be granted. This for the reason, that appellate courts will not hear causes in piecemeal.

"The matters upon which appellant predicates his motion for mandamus, can all be determined on appeal from the final decree."

In Ex parte Jones, 246 Ala. 433, 20 So.2d 859, the peremptory writ of mandamus was denied but the propriety of the use of mandamus was not expressly considered.

In Carlisle and Koonce, supra, we refused to review by mandamus, before final decree, actions of the trial courts setting aside decrees pro confesso. The reason for refusing to review by mandamus in those cases is even more compelling in a case such as this where a final decree has been rendered.

■ There are general statements in brief filed here on behalf of petitioners to the effect that the final decree is void and will not support an appeal because the petitioners, the Helblings, did not have any notice of the fact that a cross bill had been filed against them. There is no merit in this insistence. Equity Rule 26 provides:

"It shall not be necessary to issue a summons *or a copy of the cross-bill* to any defendant to a cross-bill who is a plaintiff in the original bill." (Emphasis supplied) The words which we have italicized above did not appear in § 3118, Code 1907, or in § 6550, Code 1923. As far as we can determine they were inserted in the Equity Rules which became effective on January 1, 1940. Prior to that date, in the case of Ex parte Conradi, 210 Ala. 213, 97 So. 569, this court said:

"When there is prayer for parties respondent to the cross-bill and appropriate relief is prayed, it is held sufficient to make parties thereto those named in the original bill, without notice, etc." (210 Ala., 217, 97 So., 572)

See also Hale v. Kinnaird, 200 Ala. 596, 76 So. 954, and Gilliland Mercantile Co. v. Sinclair et al., 203 Ala. 62, 82 So. 22. In the case last cited we said:

"It was not necessary to issue a summons to the original complainants to answer the cross-bill. Code, § 3118 [Code 1907]. The filing of the cross-bill was, ipso facto, a summons, and, all of the cross-respondents being in default on January 28, 1918, the decree pro confesso was properly entered on the cross-bill on that date * * *." (203 Ala., 62, 82 So., 23)

■ If it is not necessary for a summons or a copy of the cross bill to issue to any defendant to a cross bill who is a plaintiff in the original bill, and Equity Rule 26 expressly so provides, it is not incumbent upon counsel for cross complainant to furnish a copy of the cross bill to the cross respondent or his attorney. The filing of the cross bill was, ipso facto, a summons. Gilliland Mercantile Co. v. Sinclair, supra. However, there was attached to the cross bill a certificate of counsel for the respondent-cross complainant, Cone, to the effect that a copy of the cross bill was forwarded by mail to the then attorney for the Helblings, properly stamped and addressed.

▇▇ Nor is the final decree void so as not to support an appeal simply because the cross bill may have prayed for and the final decree which followed the decree pro confesso may have awarded Cone some relief to which he was not entitled. Even where a bill does not contain sufficient averments to give it equity and to authorize any of the relief prayed, and no defense is made and the bill is taken as confessed and the court grants relief, the final decree will support an appeal. Humphrey v. Lawson, 256 Ala. 198, 54 So.2d 439.

In view of the foregoing, we conclude that the Helblings have not pursued the proper remedy. Appeal from the final decree and not mandamus was the proper method to review the action of the trial court of which the Helblings complain.

But if mandamus was the proper remedy, we are clear to the conclusion that the peremptory writ would have to be denied.

▇▇ We could not put the trial court in error for striking the motion filed by the Helblings on March 12, 1963. It was not an application for rehearing under Equity Rule 62, although filed after the final decree. In Linn v. Linn, 242 Ala. 688, 8 So.2d 187, we pointed out that where a decree pro confesso is not challenged before final decree, as in this case, the orderly procedure is to move to set aside the final decree by applying for a rehearing as provided in Equity Rule 62. If the final decree is set aside, then the proper practice is to have the decree pro confesso set aside under the provisions of Equity Rule 34. If the decree pro confesso is not set aside, the movant may be content to act under the authority of Equity Rule 33 or he may appeal from the final decree and assign as error the action of the trial court in refusing to set aside the decree pro confesso.

▇▇ Here, the testimony had been published so the decree pro confesso should not have been set aside and permission granted to file an answer "unless in the judgment of the court justice so requires." Equity Rule 34.

▇▇ It is well settled that averments of fact in the answer to the alternative writ or rule nisi in mandamus proceedings, when not controverted, are to be taken as true. Tingle v. J. D. Pittman Tractor Co., 267 Ala. 29, 99 So.2d 435, and cases cited; Ex parte United States Hoffman Machinery Co., 270 Ala. 337, 118 So.2d 914; Ex parte Loyd, 275 Ala. 416, 155 So.2d 519.

▇▇ Judge Sollie's answer or return to the alternative writ or rule nisi has not been timely controverted. The affidavits forwarded to the office of the clerk of this court after the cause had been submitted to this court on brief and argument will not be considered. See Nabors v. Brown, 175 Ala. 314, 57 So. 374; Mobile Mut. Ins. Co. v. Cleveland, 76 Ala. 321; Crittenden v. Chancey, 161 Ala. 519, 49 So. 811; Gibson v. Farmers' Bank of Luverne, 218 Ala. 554, 119 So. 664.

The answer or return of Judge Sollie shows that a copy of the cross bill was mailed to the attorney who then represented the Helblings, as was a copy of motion for decree pro confesso, a copy of the order setting that motion down for hearing, and a copy of the decree pro confesso. In making reference to this aspect of Judge Sollie's return we do not want to be understood as saying that the attorney for the Helblings was entitled under our rules, as a matter of right, to have such copies furnished him.

After the motion to set aside the decree pro confesso and subsequent decrees was set for hearing, Judge Sollie twice continued that hearing at the request of counsel for the Helblings.

On April 2, 1963, when the Helblings and their then attorney finally appeared in court, they were given an opportunity to make any statement or offer evidence in opposition to Cone's motion to strike. The Helblings' attorney did not say that he had not received a copy of the cross bill or a copy of the motion for decree pro confesso or the order setting the day for hearing that motion. He did mention that his secretary

had misfiled certain papers and commented about an illness in his family sometime prior to that date. The attorney and the Helblings were given an opportunity to testify and give any excuse they had to make why the case filed by them had not been attended to or why they had not made inquiries about the case since its filing on November 16, 1962. They did not do so.

We have said that the power to set aside a decree pro confesso rests in the sound discretion of the court, and the exercise of that power will not be reversed on appeal except for an abuse of discretion. Benson v. Jefferson Mortgage Co., 276 Ala. 72, 159 So.2d 191.

In view of the lack of diligence on the part of the Helblings' counsel in the court below, as spelled out in the uncontroverted return of Judge Sollie, we could not charge Judge Sollie with abuse of discretion so as to justify the issuance of a peremptory writ of mandamus, if mandamus was the proper remedy.

The rule nisi or alternative writ is withdrawn and the peremptory writ is denied.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.