THOMPSON, Judge.
J.M., the father of D.J.T., seeks a writ of mandamus that would allow him to intervene in a petition for custody filed by the mother of D.J.T. The Juvenile Court of Madison County, without explanation, denied J.M.’s motion to intervene. It also denied a “motion to reconsider” filed by the maternal grandparents of D.J.T., without explanation. This court, on August 12, 1997, requested an answer to J.M.’s mandamus petition and on August 13, 1997, granted J.M.’s petition to stay the trial court proceedings.
The pertinent facts are as follows. J.M. was adjudged by the Walker County District Court to be the father of D.J.T. by an order dated April 11,1995. J.M. cláims that as the natural father of D.J.T. he has a right to notice and to be heard in the child custody proceeding concerning D.J.T. J.M. acknowledges that in 1995 he signed an agreement to relinquish parental rights, but he asserts that a court never terminated his parental rights.
“We first note that mandamus is an extraordinary remedy. It requires a showing that there is: '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4)'properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889 (Ala.1991).
“It is well settled that ‘[i]n cases involving the exercise of discretion by a lower court, a writ of mandamus may issue to compel the exercise of that discretion; however, it may not issue ..to control the exercise of discretion except in a case of abuse.’ Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990) (emphasis added).”
Ex parte Allen, 655 So.2d 962, 963 (Ala.1995).
We initially address whether J.M. has a clear legal right to be a party to the action in the juvenile court. To determine if he has a right to intervene in the child custody hearing, we look to Title 30, Chapter 3, Ala. Code 1975, which governs child custody and support. Section 30-3-24, a part of that chapter, provides for notice and for an opportunity to be heard in a child custody proceeding:
“Before making a decree under this article, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated, and any person who has physical custody of the child. If any of these persons is outside this state, notice and opportunity to be heard shall be given pursuant to section 30-3-25.”
J.M.’s status as the father of D.J.T. is not contested. The Code clearly requires that he, as the father, be afforded reasonable notice and an opportunity to be heard in a case concerning his parental rights, unless his parental rights have previously been terminated. On July 5, 1995, J.M. signed an agreement to relinquish parental rights; that agreement was filed in the Circuit Court of Walker County. Therefore, the dispositive issue in regard to this petition for the writ of mandamus is whether J.M.’s parental rights were terminated by the agreement he signed on July 5,1995.
The only facts before this court are those presented by J.M. in his petition and those presented in the mother’s response to the petition. In his petition, J.M. alleges that no court action was ever taken to terminate his parental rights. In her response, the mother admits the truth of this allegation. J.M. also states that he signed an agreement to relinquish his parental rights and that in doing so he agreed that D.J.T.’s maternal grandparents should be awarded the full care, custody, and control of his minor child. He attaches this, agreement as an exhibit. The mother also admits the truth *273 of this allegation. The mother farther admits that J.M. revoked the agreement relinquishing parental rights. It is well settled that averments of fact in the response to a mandamus petition, when not controverted, are to be taken as true. Ex parte Helbling, 278 Ala. 234, 239, 177 So.2d 454, 459 (1965).
Termination of parental rights is a judicial action conducted under Title 26, Chapter 18 “Child Protection”, and in accordance with Title 12, Chapter 15 “Juvenile Proceedings”, Ala.Code 1975. The requirements and procedures for terminating parental rights are well settled. A parent has a prima facie right to the custody of his or her child; however, the presumption in favor of parental custody can be overcome by clear and convincing evidence that termination of parental rights is in the child’s best interest. Wishinsky v. Alabama Dep’t of Human Resources, 512 So.2d 122 (Ala.Civ.App.1987). If the court finds from clear and convincing evidence that the parent is unable or unwilling to discharge his or her responsibilities to and for the child, his or her parental rights can be terminated, pursuant to § 26-18-7(a), Ala.Code 1975. Benton v. State Dep’t of Human Resources, 515 So.2d 1263 (Ala.Civ.App.1987).
No evidence before this court indicates that J.M.’s parental rights have been terminated pursuant to § 26-18-7(a), Ala. Code 1975, either in this action or in any prior judicial proceeding. J.M. executed a document whereby he relinquished his parental rights. The language of that document stated that “[t]his Agreement and Affidavit is made and authorized to avoid any hardship between the parties and to avoid extended litigation, extra attorney’s fees and court costs.” The document is styled as a document filed in the Walker County Circuit Court on August 16, 1995, “in the matter of D.J.T., DOB: 1-28-92,” case no. JU-93-051. However, we have been provided no evidence as to the disposition of ease no. JU-93-051. The mother alleges in her petition for custody of D.J.T., filed in the Madison County District Court on July 24, 1995, that temporary custody of D.J.T. was awarded to the maternal grandparents by an order of the Walker County Circuit Court entered on December 10, 1992. Thus, it appears that the maternal grandparents had custody of D.J.T. before J.M. executed the document relinquishing custody of D.J.T., and that J.M. apparently signed the document relinquishing custody of D.J.T. before the mother filed her petition for custody.
There is uncontested evidence before this court indicating that J.M. is the natural father of D.J.T. No evidence before us indicates that his parental rights were ever terminated pursuant to § 26-18-7(a), Ala.Code 1975. Termination of parental rights is not an action that can be accomplished by the unilateral execution of an agreement by one of the parents. The primary consideration in any termination of parental rights is always the best interest of the child. Fitzgerald v. Fitzgerald, 490 So.2d 4, 5 (Ala.Civ.App.1986). J.M. has a clear legal right to be a party to the custody proceeding concerning D.J.T.
Accordingly, J.M.’s petition for a writ of mandamus is due to be granted. The juvenile court is ordered to grant J.M.’s petition to intervene in the custody hearing concerning D. J.T.
WRIT GRANTED.
YATES, MONROE, and CRAWLEY, JJ., concur.
ROBERTSON, P.J., concurs in the result.